CALEB S. GREEN and others, executors, appellants,

*v.*

EMILY A. BLACKWELL and others, respondents.

1. One cannot appeal from a decree of the court of chancery to this court, for the purpose of having the decree affirmed. He must appear to be aggrieved, or he has no standing here.

2. An appellant, who complains of one portion of a decree in chancery, does not thereby acquire the right to ask for the affirmance of other and independent parts of the decree of which no one complains.

3. An executor or trustee, representing the interests of persons who are otherwise unrepresented in the cause, is entitled to appeal from a decree which injuriously affects those interests.

4. Where a testator bequeathed one-third of the residue of his estate to his executors as trustees, in trust, to pay the net income and interest thereof to his daughter, during her natural life,—*Held*, that the daughter was entitled to the interest which accrued from the date of the testator's death.

On appeal from a decree of the chancellor, reported in *Green* v. *Green, 3 Stew. Eq. 451.*

*Mr. R. W. Parker* and *Mr. C. Parker,* for appellants.

*Mr. H. C. Pitney,* for Mrs. Blackwell, cited—

*Van Blarcom* v. *Dager, 4 Stew. Eq. 783–795; 1 Stock. 650; McCabe* v. *Emerson, 18 Pa. St. 111; Paterson 434; Rev. 1821 p. 702, 707; Dickinson's Practice 80; Crane* v. *DeCamp, 7 C. E. Gr. 614; Sands* v. *Codwise, 4 Johns. 536; Kelsey* v. *Western, 2 Comst. 505; Clowes* v. *Dickinson, 8 Cow. 328; Rawlins* v. *Powell, 1 P. Wms. 297; Oldham* v. *Stonehouse, 3 Myl. & Cr. 317; Vernon* v. *Wright, 7 H. L. Cas. 45; Watts* v. *Symes, 1 DeG. M. & G. 240; Sherwin* v. *Shakspear, 5 DeG. M. & G. 522; Consequa* v. *Fanning, 2 Johns. Ch. 587; Dale* v.

NOTE.—No brief on the part of the appellants in this case was furnished to the reporter.—REP.

Green v. Blackwell.

*Roosevelt, 6 Johns. Ch. 256; Ferguson* v. *Kimball, 3 Barb. Ch. 616; Mapes* v. *Coffin, 5 Paige 296; 2 Smith's Ch. Pr. 41; 2 Dan. Ch. Pr. (4th ed.) 1492; Palmer's H. L. Pr. 11, 12, 30, 73, 95, 98; Deburgh* v. *Clark, 4 Cl. & Fin. 562; Beavan* v. *Mornington, 8 H. L. Cas. 525; 2 Smith's Ch. Pr. 46; 2 Dan. Ch. Pr. (4th ed.) 1496; Countess of Bective* v. *Hodgson, 10 H. L. Cas. 656; 2 Bac. Abr. \*133; Hale's Juris. H. of L; Hargrave's Introduction to Same; McQueen's H. L. Pr. ch. 1.*

*Mr. Kingman,* for William B. Blackwell, jun., infant respondent, cited—

*Rev. p. 125 § 114; Peer* v. *Cookerow, 1 McCart. 361; Angell on Lim. ch. 19 § 4; Chandler* v. *Vilett, 2 Saund. 121 a, note; Coryell* v. *Holcombe, 1 Stock. 650–652; Reid* v. *Vanderhuyden, 5 Cow. 719; Cuyler* v. *Moreland, 6 Paige 273; Hone* v. *Van Shaick, 7 Paige 221; Card* v. *Bird, 10 Paige 426; Steele* v. *White, 2 Paige 478; Idley* v. *Bowen, 11 Wend. 227; Powell on App. Proc. 104; Warner* v. *Grant & Kelly, June term, 1865, see minutes p. 463.*

The opinion of the court was delivered by

DIXON, J.

The bill in this case was filed by the executors and trustees under the will of Henry W. Green, deceased, for the purpose of obtaining judicial construction of that will as to their duty respecting two matters. The known beneficiaries interested were the testator's widow, his daughter Mrs. Blackwell, and her husband and infant son, and these persons are made defendants. The grandson, by his father as guardian *ad litem,* and the daughter with her husband, filed answers; and the daughter, in her answer, "for the purpose," as stated, "of avoiding another suit to obtain her rights, and for the purpose of avoiding delay, and the saving of expense to the estate of the said Henry W. Green," asks the court to instruct the complainants as to their duty,

under the will, in respect to the interest of certain funds held in trust. Upon the questions presented by the bill, the chancellor decreed in harmony with the views of the complainants, and, upon the point suggested by the answer of the daughter and her husband, he decided as they desired. The complainants thereupon appealed, and, in their petition of appeal, prayed that the decree, in the particular last mentioned, might be reversed, and that, upon all other matters settled by the decree, directions and decree might be made by this court, in order that the appellants might have the benefit of the direction and final decree of this court in the discharge of their duties as executors.

In their answers to this petition, the defendants insist that the appellants are not entitled to seek the decree of this court in affirmance of those parts of the decree below relating to the matters set up in the bill, and as to which no one complains, for the reason that our jurisdiction is altogether appellate, and attaches only when some party complains of an error in the inferior tribunal.

For the support of this contention of the respondents, it is enough to revert to a doctrine already authoritatively declared by this court, and in uniform accordance with which our practice has been. In *Coryell* v. *Holcombe, 1 Stock. 650*, Chancellor Williamson, delivering the opinion of this court, said : " Without defining or attempting to classify the orders of the court of chancery which may and may not be appealed from, it is certain there can be no appeal from an order by which a party is not aggrieved. The very object of the appeal is to redress an injury. If there be no injury to redress, there can be no appeal; the object of the appeal cannot be attained; it cannot be what it is intended—a redress for an injury." From this it follows that no person can appeal for the purpose of having a decree affirmed. The appellant must seek reversal or modification, or he cannot occupy the position of one aggrieved and asking redress, and, unless he does this, he has no standing here.

But the appellants insist that, as they pray a reversal of the decree so far as it accords with the answer of Mr. and Mrs. Blackwell, they thereby have gained a standing in court and a right to secure an affirmance of the decree in other respects. But this claim is inadmissible. It is our constant practice to refuse to hear respondents as to any portion of a decree not complained of by the appellant. If they would assail the decree in particulars with which the appellant is satisfied, they must themselves become appellants, and, by their petition, point out that whereby they are aggrieved.

Now, if we will not hear respondents objecting, we cannot listen to appellants supporting, for that would violate the imperative demand of justice, *audi alteram partem.* Hence, if we are to affirm, it must be done without hearing and without giving the parties an opportunity to be heard, which is, also, contrary to justice. Moreover, from those parts of a decree with which one side is content, the other side is ordinarily entitled to appeal, as being aggrieved. The legislature has set the time within which such appeal must be taken, hitherto making it dependent, not upon the appeals of others, but solely upon the lapse of time after decree or after removal of disability. If we should affirm decrees at the instance of appellants not aggrieved, we would be overturning these legislative provisions, by virtually depriving those aggrieved of all right of appeal, unless they made their appeal before the hearing upon the petition of their adversary. However convenient a law requiring this might be, it is not within our province to adopt it; its enactment pertains to another branch of the government.

Respecting those portions of the decree as to which the appellants have presented no complaint, the merits must be passed *sub silentio.*

Concerning that part of the decree made in pursuance of the answer of Mr. and Mrs. Blackwell, these defendants insist that executors and trustees under a will have no right to appeal from any decree which the chancellor may make

50

as to the construction of the will, in a cause instituted by them for the purpose of having the will construed; that, having thus submitted themselves to the instructions of the court, their whole duty consists in carrying out those instructions as given, and they are not warranted in complaining against them.

Without adverting to the law and practice of other jurisdictions, we think that, under the statutes and constitution of this state, the right of appeal is conferred by language sufficiently comprehensive to embrace, in some circumstances, such executors and trustees. By the fifty-ninth section of the chancery act of 1799 (*P. L. 1799 p. 428*), it was enacted "that, after final sentence or decree hath been pronounced in any cause or suit in the court of chancery, any person who may think himself aggrieved by any interlocutory order, or by any final decree in any cause or suit in chancery, may appeal from the court of chancery against such order or decree to the court of appeals and errors." By a supplement to that act, passed February 29th, 1820. (*R. S. p. 702*), this section was repealed and the following (section 13) was substituted for it: "That all persons aggrieved by any order or decree of the court of chancery may appeal from the same, or any part thereof, to the court of appeals and errors." The constitution of 1844 established this court in its present form as a "court of errors and appeals in the last resort *in all causes, as heretofore,*" and thus, by organic law, confirmed the right of appeal as broadly as it theretofore had existed by statute.

This right, therefore, belongs to every person in a legal sense aggrieved. Now, not only are those persons so aggrieved, whose individual, peculiar rights are invaded, but, also, those whose representative claims are assailed. Whoever stands in a cause as the legal representative of interests which may be injuriously affected by the decree made, is, within the meaning of these laws, aggrieved, and, therefore, may appeal. The form of the suit in which the

alleged error has been committed, cannot detract from the grievance, and so cannot impair the right to redress.

It is only necessary, therefore, to ascertain whether the decree complained of may affect rights which these appellants represent and should protect.

The testator bequeathed one-third of the residue of his estate to the appellants as trustees, in trust, to pay the net income and interest thereof to his daughter, Mrs. Blackwell, during her natural life, and, after her death, to transfer the principal to her children, testamentary appointees or next of kin, according to the mode and contingencies mentioned in the will. Mrs. Blackwell's claim is, that the interest accruing upon the said third, from the date of the testator's death, belongs to her; the trustees insist that the interest from that date for one year became a part of the corpus, and only the interest accruing from the end of the year is to be paid to Mrs. Blackwell. The contest here, therefore, is between the claims of those entitled to the principal and of her entitled to the interest. In this suit Mrs. Blackwell is herself a party, and so stands for her own rights; but of those who may become entitled to the corpus, many possible claimants are not personally before the court, either because they are not yet *in esse*, or are not designated. Therefore, while the trustees generally represent all the interests of the trust here and now, they represent, in a more special sense, and are bound to care for, the rights of these possible claimants, who otherwise must be unheard. On their behalf they may maintain an appeal from any order of which those *cestuis que trust* could complain.

On looking into the merits of the chancellor's decree upon this point, it appears clearly to be right. He adjudged that the interest accruing from the testator's death should be paid to Mrs. Blackwell. This is in accordance with the decision of this court in *Van Blarcom v. Dager, 4 Stew. Eq. 783.* So much of the decree should therefore be affirmed.

We have not regarded the propriety or impropriety of raising by answer the question which Mr. and Mrs. Black-

well injected into the cause, because we have inferred that the parties considered this answer as equivalent to a cross-bill, since the matter seemed to be wholly involved in the construction of the will, and no answer or evidence could, presumably, affect it.