10 A.3d 232 (2011)
417 N.J. Super. 462
Larry PRICE, Plaintiff-Appellant,
v.
HUDSON HEIGHTS DEVELOPMENT, LLC, and Union City Zoning Board of Adjustment, Defendants-Respondents.
No. A-1527-09T2.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 2010.
Decided January 13, 2011.
*233 Larry Price, appellant, argued the cause pro se.
Lance N. Olitt argued the cause for respondent Hudson Heights Development, LLC (Mandelbaum, Salsburg, Lazris & Discenza, P.C., attorneys; J. Alvaro Alonso, North Bergen, on the brief).
Elizabeth J. Crusius argued the cause for respondent Union City Zoning Board of Adjustment (Law Office of Thomas A. Sarlo, P.C., attorney; Thomas A. Sarlo, Rutherford, on the brief).
Before Judges PARRILLO, YANNOTTI and ESPINOSA.
The opinion of the court was delivered by
PARRILLO, J.A.D.
Plaintiff, Larry Price, who was successful in the Law Division in having the Union City Zoning Board of Adjustment's (Board) resolution in favor of defendant, Hudson Heights Development, LLC (Hudson Heights or defendant), declared null and void, appeals, voicing dissatisfaction with the court's rationale, not its final result. Lacking the requisite adversity and genuineness of controversy, and because appeals are taken from judgments and not from opinions, the instant appeal is dismissed for want of jurisdiction.
Briefly, by way of background, plaintiff is a resident and taxpayer of Union City, where Hudson Heights owns property on 37th Street that it seeks to develop. Because the property is located in a mixed residential zone, which does not permit multi-family development, a use variance is required to implement defendant's plan to demolish an existing residential structure and construct in its stead a multi-family building.
To this end, on December 23, 2005, Hudson Heights filed an application with the Board seeking approval to build an eight-story multi-family structure consisting of 96 residential units and 121 off-street parking spaces.[1] A public hearing on the proposal was held on January 12, 2006. The Board approved the application and a memorializing resolution was adopted on February 9, 2006. No appeal was ever filed challenging the Board's action in approving defendant's site plan application.
On July 12, 2006, Hudson Heights filed a new application, seeking site plan and variance approval to construct a four-story, forty-eight unit multi-family residential building on the same property. Following a public hearing on the proposal, the Board approved the application and adopted a memorializing resolution on October 12, 2006.
*234 Thereafter, plaintiff filed a timely complaint in lieu of prerogative writs, seeking to invalidate the Board's approval of defendant's forty-eight unit plan. Following a hearing, the Law Division dismissed plaintiff's complaint. Plaintiff appealed and we reversed, holding that the Board incorrectly applied the "D3" conditional use variance standard rather than the proper standard of a "D1" use variance, and remanding the matter to the Board for reconsideration. Price v. Hudson Heights Development, LLC, No. A-4766-06T1, 2008 WL 5119157 (App.Div. Dec. 8, 2008). Hudson Heights took no further action with respect to its forty-eight unit application and thus no final approvals were obtained.
During the pendency of that appeal, Hudson Heights requested and received two one-year extensions on the site plan and variance approval that it had previously obtained from the Board for the ninety-six unit project. The first was granted on April 12, 2007 and the second was granted on May 8, 2008.[2] However, on January 7, 2009, defendant filed yet another application with the Board, this time seeking major subdivision, site plan and variance approval for the construction of eight three-family homes on the same property. After a public hearing on the proposal, the Board approved the application and adopted a memorializing resolution on February 24, 2009.
Hudson Heights did not take any additional steps to perfect the major subdivision plan and no permits were issued in furtherance of that project. Instead, defendant reverted to its original plan to develop its property as an eight-story, ninety-six residential unit structure. To effectuate that plan, defendant sought building permits from the Union City Building Department, but when the construction code officer noticed multiple approvals for the same property, he consulted with David Spatz, the City Planner, before issuing any permits. Spatz, questioning whether the original approvals were still valid, instructed defendant to seek advice from Thomas Sarlo, the Board's attorney, which defendant did via letter of July 28, 2009. Although Spatz opined that defendant's approval for the ninety-six unit structure had not expired because of the interim extensions and applicability of the Permit Extension Act, all agreed that defendant should formally request clarification from the Board. As a result, the matter was listed on the Board's July 30, 2009 agenda as an "interpretation," N.J.S.A. 40:55D-70(b), and, on that date, the Board confirmed that defendant's original approval was still valid.
Plaintiff then filed another complaint in lieu of prerogative writs, seeking to invalidate the Board's July 30, 2009 action on the ground that defendant abandoned its ninety-six residential unit plan by its subsequent applications. At the conclusion of trial on November 6, 2009, the Law Division judge declared the Board's July 30, 2009 determination null and void, concluding that the Board "had no authority to hear this matter and provide what amounted to a[n] advisory opinion," effectively returning the parties to the "status quo."
I'm prepared to find that the [B]oard had no authority under the [M]unicipal [L]and [U]se [Law] to consider this *235 question and that therefore it had no authority to act. And therefore Mr. Price is right, they had no authority to act and I am reversing the decision of the [B]oard as to its actions.
Having found that the Board lacked jurisdiction to act, the judge did not reach the issue of abandonment. This appeal by plaintiff follows.
Although the trial judge did not void the Board's action for the reason plaintiff advanced, plaintiff nevertheless obtained the ultimate relief he sought, namely invalidation of the Board's July 30, 2009 resolution. Having succeeded, plaintiff cannot be said to have been aggrieved by the judgment of the Law Division from which he now seeks to appeal. Indeed, plaintiff has no personal or pecuniary interest or property right adversely affected by the judgment in issue. Howard Sav. Inst. v. Peep, 34 N.J. 494, 499, 170 A.2d 39 (1961); Daly v. High Bridge Teachers' Ass'n, 242 N.J.Super. 12, 15-16, 575 A.2d 1373 (App. Div.), certif. denied, 122 N.J. 356, 585 A.2d 366 (1990); see also Mandel, New Jersey Appellate Practice, ch. 2:4-2 (2010). Consequently, plaintiff is not entitled to appeal from the judgment in his favor. Howard Sav. Inst., supra, 34 N.J. at 499, 170 A.2d 39 (holding that "[o]nly a party aggrieved by a judgment may appeal therefrom"); Hughes v. Eisner, 8 N.J. 228, 229, 84 A.2d 626 (1951) (dismissing for want of jurisdiction an appeal from a party who was successful in the Appellate Division but appealed out of dissatisfaction with the court's opinion); Green v. Blackwell, 32 N.J. Eq. 768, 770 (E. & A.1880) ("[I]t is certain that there can be no appeal from an order by which a party is not aggrieved. The very object of the appeal is to redress an injury. If there be no injury to redress, there can be no appeal. . . ." (quoting Coryell v. Holcombe, 9 N.J. Eq. 650, 652 (E. & A.1854))); Janicky v. Point Bay Fuel, Inc., 410 N.J.Super. 203, 207-08, 981 A.2d 96 (App.Div.2009) (holding that, when the parties consent to entry of a final judgment memorializing a settlement of all claims in an action, there no longer exists a justiciable controversy from which a party may appeal); Popow v. Wink Assocs., 269 N.J.Super. 518, 528, 636 A.2d 74 (App. Div.1993) ("[A] litigant may not appeal from a judgment or so much of a judgment which is in that party's favor."); Malhame v. Borough of Demarest, 174 N.J.Super. 28, 31, 415 A.2d 358 (App.Div.1980) (dismissing the borough's appeal because "the borough was not an aggrieved party entitled to appeal from the judgment" since the trial judge ruled in its favor).
Correspondingly, because an appeal questions the propriety of action below, the rationale underlying the action is not independently appealable. Mandel, supra, ch. 2:4-2. In other words, appeals are taken from judgments, not opinions of the trial court. Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199, 773 A.2d 706 (2001); Heffner v. Jacobson, 100 N.J. 550, 553, 498 A.2d 766 (1985); Hughes v. Eisner, supra, 8 N.J. at 229, 84 A.2d 626; Arons v. N.J. Network, 342 N.J.Super. 168, 181, 775 A.2d 778 (App.Div.), certif. denied, 170 N.J. 388, 788 A.2d 772 (2001); Home Props. of N.Y. v. Ocino, Inc., 341 N.J.Super. 604, 616, 775 A.2d 671 (App. Div.2001); Glaser v. Downes, 126 N.J.Super. 10, 16, 312 A.2d 654 (App.Div.1973), certif. denied, 64 N.J. 513, 317 A.2d 726 (1974). Thus, a party, such as plaintiff, who obtains the judgment sought, may not be heard to complain on appeal about the reasons or rationales cited for the action. Mandel, supra, ch. 2:4-2.
The appeal is therefore dismissed for want of jurisdiction.
NOTES
[1] In an earlier application submitted to the Board on August 4, 2004, not here in issue, defendant sought approval to erect an eleven-story building with 110 residential units on the same 37th Street property. On May 12, 2005, the Board approved the application consistent with agreed-upon modifications, including the elimination of one story, reduction to ninety-eight units and a front setback of five feet. No appeal was ever filed challenging the Board's action in approving defendant's 2004 application.
[2] Thereafter, the Permit Extension Act of 2008 (Act), N.J.S.A. 40:55D-136.1 to -136.6, was enacted, providing that the running of the period of any governmental approval in existence during the extension period (January 1, 2007 to December 31, 2012) is automatically tolled until December 31, 2012. N.J.S.A. 40:55D-136.3 and -136.4(a). The Act further provides that the tolling may be extended an additional six months beyond the conclusion of the extension period. N.J.S.A. 40:55D-136.4(a).