**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5501-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ALONZO L. BRYANT,

     Defendant-Appellant.

_____

Submitted February 26, 2019 – Decided March 11, 2019

Before Judges Yannotti and Natali.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 93-09-0492.

Alonzo L. Bryant, appellant pro se.

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Alonzo L. Bryant appeals from a July 20, 2017 order[1] which denied his motion to correct an allegedly illegal sentence. We vacate the July 20, 2017 order and remand for further proceedings consistent with this opinion.

On January 30, 1997, a jury convicted defendant of the following crimes: 1) first degree murder of Michael Eck, N.J.S.A. 2C:11-3(a)(1), (a)(2); 2) felony murder of Eck, N.J.S.A. 2C:11-3(a)(3); 3) two counts of first degree robbery of Eck, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:15-1(a)(1); 4) two counts of first degree robbery of Toby Chrostowski, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:15-1(a)(1); and 5) two counts of aggravated assault against Chrostowski, N.J.S.A. 2C:12-1(b)(1) and (b)(2). Defendant received an aggregate sentence of two life terms, in addition to a fifty-five year parole disqualifier, which we affirmed on appeal. State v. Bryant, No. A-0685-97 (App. Div. Feb. 2, 2000). On May 11, 2000, the Supreme Court denied defendant's petition for certification. State v. Bryant, 164 N.J. 560 (2000).

---

[1] The July 20, 2017 order, which defendant refers to as a judgment in his notice of appeal, is embodied in a letter that "denied" his petition. Notwithstanding the absence of a formal order or judgment, defendant's appeal "questions the propriety of action [in the trial court]," specifically the court's act of denying his petition, and, as such, is properly before us. See Bandler v. Melillo, 443 N.J. Super. 203, 209 (App. Div. 2015) (alteration in original) (quoting Price v. Hudson Heights Dev., LLC, 417 N.J. Super. 462, 467 (App. Div. 2011)).

2

Defendant also filed two petitions for post-conviction relief. We denied defendant's first petition, State v. Bryant, No. A-0294-05 (App. Div. Aug. 13, 2007), and the Supreme Court denied his petition for certification. State v. Bryant, 193 N.J. 586 (2008). According to the court's July 20, 2017 letter, see infra at pp. 3-4, defendant filed a second PCR petition that the trial court denied on January 27, 2010. Defendant also filed a petition for writ of habeas corpus in federal court, which was denied on January 7, 2011. Bryant v. Ricci, No. 08-3575, 2011 U.S. Dist. LEXIS 1638 (D.N.J. Jan. 7, 2011).

Defendant maintains that on June 15, 2017, he filed with the trial court a "motion to challenge the validity of his sentence pursuant to [Rule] 3:21-10(b)(5)," which was apparently supported by a letter-brief.[2] On July 20, 2017, the court issued a one-page letter that concluded:

> On April 11, 1997 you were sentenced by the [c]ourt under Indictment No. 93-09-00492-I. According to [c]ourt records, you were sentenced to an aggregate term of life with fifty-five years of parole ineligibility.
>
> Pursuant to Rule 3:22-6, your petition for post-conviction relief must be denied. This is your second petition for post-conviction relief (PCR). You previously filed a petition for PCR in 2009. Arguments were heard on that PCR on January 15, 2010. The

---

[2] The State claims that it was never served with defendant's motion papers filed with the trial court and notes that defendant's brief included in the appendix is dated January 21, 2018.

A-5501-16T4

[c]ourt read its decision into the record on January 27, 2010, whereby it denied your petition for PCR. On June 15, 2017 you filed the present application for PCR.

Pursuant to Rule 3:22-6(b), this [c]ourt would have to make a finding that you have shown "good cause" in bringing this application to warrant assignment of counsel. Such good cause only exists where "the court finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under Rule 3:22-4." Rule 3:22-6(b). You have not made such a showing in this submission to the [c]ourt.

For the above stated reasons, your request for assignment of counsel as well as your petition is denied at this time.

Defendant raises the following arguments on appeal:

POINT I
THE APPELLANT SUBMIT[S] THE COURT ERRED BY NOT MAKING ITS FACTUAL FINDINGS ON RECORD AS TO WHY APPELLANT WAS NOT ENTITLED TO RELIEF SOLELY WITH THE ISSUES RAISED IN HIS LETTER BRIEF.

[POINT II]
THE REVIEWING COURT SHOULD EXERCISE ORIGINAL JURISDICTION PURSUANT TO [RULE] 2:10-5.

In support of these arguments, defendant contends he filed "an illegal sentence motion" and the court failed to make "factual findings of the claims presented before it." He further maintains that an application to correct an

4

illegal sentence under <u>Rule</u> 3:21-10(b) "can be raised at any time" and the fact that his previous PCR petitions were unsuccessful "is not in itself sufficient reason to deny the present petition . . . ."  Defendant requests we remand the matter for the court to explain its "reason[s] for denying the petition on the merits of his claim."  He also seeks a remand for a hearing in accordance with <u>State v. Roach</u>, 165 N.J. 565 (2001), to address the purported "disparity between him and his co-defendant's sentence."  Alternatively, defendant requests that we exercise original jurisdiction to "complete [the] determination."

We decline to exercise original jurisdiction to resolve the issues raised in the motion.  However, we are constrained to vacate the July 20, 2017 order and remand the matter for the court to address two issues.

First, the court should settle the record by identifying the motion filed by defendant.  The court should also ensure that defendant properly served the State with his application.  As noted, defendant maintains that he filed a motion to correct an illegal sentence on June 15, 2017, yet the brief included in his appendix on appeal is dated January 21, 2018, six months after the court's July

20, 2017 order. Further, the State maintains that it never received notice of defendant's application.[3]

Second, to the extent defendant's application was to change an illegal sentence under Rule 3:21-10(b), the court should resolve that motion. Based on our review of the court's July 20, 2017 letter, and the court's reliance on Rule 3:22-6, it does not appear the court addressed the merits of the application under Rule 3:21-10(b).[4] We express no view on whether the motion should be granted. We remand solely to permit the court to identify the motion before it and make findings pursuant to Rule 1:7-4.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3]  Defendant's notice of appeal, originally filed on August 17, 2017, and amended on September 1, 2017, identifies the issues he raises on appeal.

[4]  In this regard, we acknowledge that "an illegal sentence is one that 'exceeds the maximum penalty provided in the Code for a particular offense' or a sentence 'not imposed in accordance with law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)). On the other hand, "excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground for post-conviction relief and can only be raised on direct appeal from the conviction." Id. at 46 (citing State v. Flores, 228 N.J. Super. 586, 592 (App. Div. 1988)).

A-5501-16T4