**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0590-24

CHRISTOPHER SILVA,

     Petitioner-Appellant,

v.

LOCAL FINANCE BOARD,

     Respondent-Respondent.

_____

Argued March 11, 2026 – Decided April 8, 2026

Before Judges Paganelli and Jacobs.

On appeal from the New Jersey Department of Community Affairs, Local Finance Board.

Elliott J. Almanza argued the cause for appellant (Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys; Elliott J. Almanza, of counsel and on the briefs).

Zachary L. Aboff, Deputy Attorney General, argued the cause for respondent (Jennifer Davenport, Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel; Zachary L. Aboff, on the brief).

PER CURIAM

Petitioner Christopher Silva appeals from an October 16, 2024 final agency decision from the New Jersey Department of Community Affairs, Local Finance Board (Board), which revoked a notice of violation (NOV) and found he did not violate the Local Government Ethics Law (LGEL), N.J.S.A. 40A:9-22.1 to -22.5. We affirm.

In March 2022, the Board notified Silva, then Mayor of Mullica Township (Township), it was investigating a complaint that had been filed regarding his votes on ordinances and resolutions involving the Township Police Department when his son-in-law was employed by the police department. In addition, the Board informed Silva the complaint alleged he had failed to recuse himself during two Township committee meetings concerning the police department and that he had met with the Police Benevolent Association.

In response, on April 5, 2022, Silva's counsel, among other arguments, asserted that:

> After . . . Silva was elected, he approached the municipal attorney [(the attorney)] . . . to provide a legal opinion on what [he] could vote on and what he could not, as he was sensitive to the appearance of a potential conflict. In response to . . . Silva's request, [the attorney] provided a legal opinion that . . . Silva refrain from voting on any economic issues that would benefit [his son-in-law] but [he] could vote on any other police matter. . . .

2

In 2018, [the attorney] . . . modif[ied] her legal opinion. [The attorney]'s new opinion . . . was that . . . Silva could participate in police matters where it did not financially impact his son-in-law. . . . Silva has continued to follow this opinion until the present.

On August 24, 2022, the Board issued a NOV determining Silva had committed nine violations under N.J.S.A. 40A:9-22.5(d)[1] and imposed a fine of $100 per violation. However, the Board waived the fine because Silva "reasonably relied on the advice of" the attorney.

Silva requested an administrative hearing. The Administrative Law Judge (ALJ) issued an initial decision, finding Silva had relied on "advice given to him

---

[1] N.J.S.A. 40A:9-22.5(d) provides that:

> Local government officers or employees under the jurisdiction of the . . . Board shall comply with the following provisions:
>
> . . . .
>
> > d. No local government officer or employee shall act in his official capacity in any matter where he, a member of his immediate family, or a business organization in which he has an interest, has a direct or indirect financial or personal involvement that might reasonably be expected to impair his objectivity or independence of judgment[.]

3

by the . . . [attorney] and acted accordingly." The ALJ concluded Silva's "acts to vote for the [o]rdinance[s] and in participation in discussions [we]re nothing more than ministerial acts and ha[d] not violated [N.J.S.A. 40A:9-22.5(d)] because there simply was no exercise of judgment to potentially impair Silva's judgment" and "Silva's conduct in voting on the [o]rdinances . . . or participati[ng] in the discussions . . . ha[d] no direct or indirect financial or personal involvement that might reasonably impair his objectivity or independence of judgment in violation of N.J.S.A. 40A:9-22.5(d)."

The Board filed exceptions to the ALJ's initial decision, and Silva responded pursuant to N.J.A.C. 1:1-18.4(d). The Board, in its final agency decision, found:

> Silva met the four prerequisites to the reliance of counsel defense. Silva (1) received the advice prior to the action being taken; (2) relied on advice from someone who possessed authority to render advice for ethical issues; (3) gave all of the pertinent facts and circumstances to the [attorney] when seeking advice; and (4) complied with the advice received and did not shop for contrary advice. Hence, the Board h[e]ld[] that [Silva] did not violate N.J.S.A. 40A:9-22.5(d)[,] because he met the reliance of counsel defense.
>
> [(Citations omitted).]

The Board ordered the August 2022 NOV be "revoked." Nevertheless, the Board included within its decision "that had Silva not met the reliance on

4

counsel defense, then the facts could have substantiated nine violations of N.J.S.A. 40A:9-22.5(d)." The Board found the ALJ's legal analysis concerning the statute was "inconsistent" with Board precedent and relevant case law and Silva's acts were beyond "ministerial" as he had "exhibited discretion."

Silva appeals from the Board's final agency decision, contending a plain reading of N.J.S.A. 40A:9-22.5(d), and the relevant case law, do not support the Board's legal conclusion that he violated the statute; the record before the Board lacked sufficient evidence to support its finding that he violated the statute; and the administrative proceedings denied him due process.

The Board argues the appeal should be dismissed. It contends Silva lacks standing to pursue an appeal because he is not "aggrieved" by the Board's final agency decision. Instead, "Silva achieved a completely favorable outcome" because "the [NOV] issued by the Board was revoked." Further, Silva cannot "complain that he was aggrieved by the Board's reliance on the . . . advice of counsel[] defense when he made this argument himself before the Board."

Moreover, the Board argues appeals "may not be taken from opinions" and "the rationale underlying the action is not independently appealable," (quoting Price v. Hudson Heights Development, LLC, 417 N.J. Super. 462, 467 (App. Div. 2011)). The Board contends "[a] party 'who obtains the judgment

A-0590-24

sought, may not be heard to complain on appeal about the reasons or rationales cited for the action.'" (Quoting Price, 417 N.J. Super. at 467).

Silva counters that he "was, in fact, aggrieved by the [Board's] final agency decision." He states "[w]hereas the ALJ concluded that [he] did not violate N.J.S.A. 40A:9-22.5(d) in the first place, the [Board] determined that [his] conduct did constitute a statutory violation." Silva argues he "was found to have violated the" LGEL and "[i]t is cold comfort that the violation was excused based on an advice-of-counsel defense" because "this public document finds that he acted unethically." (Emphasis omitted). Silva contends "reputational harm clearly confers standing." (Citing Too Much Media, LLC v. Hale, 413 N.J. Super. 135, 169 (App. Div. 2010)).[2]

Under Rule 2:2-3(a)(2), a party has a right to appeal to the Appellate Division "to review final decisions or actions of any state administrative agency or officer." However, the reach of the Rule is limited by other separate but interrelated considerations, such as: our reluctance to issue advisory opinions, our review being focused on the ultimate disposition and not the underlying rationale, whether an appellant seeks review of a successful outcome, and

---

[2] For different reasons, the New Jersey Supreme Court "affirm[ed] and modif[ied] the judgment of the Appellate Division and remand[ed] to the trial court for further proceedings." 206 N.J. 209, 243 (2011).

A-0590-24

mootness. Based on those considerations, we affirm the Board's decision, as Silva's grounds for appeal do not warrant reversal.

"[C]ourts in New Jersey do 'not render advisory opinions or function in the abstract.'" In re Determination by Dir. of Div. of Alcoholic Beverage Control, 392 N.J. Super. 577, 581 (App. Div. 2007) (quoting Crescent Park Tenants Ass'n v. Realty Equities Corp., 58 N.J. 98, 107 (1971)). "An advisory opinion is a nonbinding statement by a court or an administrator interpreting the law on a matter submitted for that purpose." Ibid. "[C]ourts are enjoined to 'decline[] to review mere opinions or conclusions of administrative officers on which no official action was based.'" Ibid. (second alteration in original) (quoting N.J. Civ. Serv. Ass'n v. State of N.J., 88 N.J. 605, 611 (1982)) (internal quotation marks omitted).

Here, the Board's final agency decision—revoking the NOV and finding there was no violation of N.J.S.A. 40A:9-22.5(d)—was based on Silva's proffered "advice of counsel" defense. There is no factual dispute on this basis. Thus, to request our review of the parties' disagreement regarding what would have happened had the defense been ineffectual would require us to issue an advisory opinion, which we decline to do.

7

Further, "the rationale underlying the action is not independently appealable." Price, 417 N.J. Super. at 467. Instead, "appeals are taken from judgments, not opinions." Ibid. Therefore, one "may not be heard to complain on appeal about the reasons or rationales cited for the action." Ibid. Thus, Silva's arguments regarding the Board's secondary N.J.S.A. 40A:9-22.5(d) analysis is of no moment.

In addition, where, as here, an appellant has succeeded, they "cannot be said to have been aggrieved by" a decision. Price, 417 N.J. Super. at 466. Parties do not have a right to appellate review when their appeal stems from a successful outcome. "[I]t is certain that there can be no appeal from an order by which a party is not aggrieved. The very object of the appeal is to redress an injury. If there be no injury to redress, there can be no appeal. . . ." Ibid. (alteration and omission in original) (quoting Green v. Blackwell, 32 N.J. Eq. 768, 770 (E. & A. 1880)). Here, Silva achieved a successful outcome. His speculative assertion that he has sustained "reputational harm" does not entitle him to appellate review of a decision in his favor.

Lastly, in general, "appellate courts, in order to preserve judicial resources, decline to consider moot issues." Bankers Tr. Co. of Cal., N.A. v. Delgado, 346 N.J. Super. 103, 106 n.1 (App. Div. 2001) (citing Zirger v. Gen.

8

Accident Ins. Co., 144 N.J. 327, 330 (1996)). An issue is considered "moot when our decision . . . can have no practical effect on the existing controversy." Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)). Because Silva raises issues that, even if resolved, would have no practical effect on the outcome, we consider the arguments moot and decline to consider them here.

To the extent we have not addressed Silva's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division