174 N.J. Super. 28 (1980)
415 A.2d 358
JOHN F. MALHAME AND LESLIE MALHAME, HIS WIFE; WILLIAM PECORARO AND JUDITH PECORARO, HIS WIFE; AND ARNOLD ZIMMERMAN AND CATHERINE ZIMMERMAN, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
BOROUGH OF DEMAREST, STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 15, 1980.
Decided May 27, 1980.
*29 Before Judges CRANE, MILMED and KING.
Jonathan N. Harris argued the cause for appellant (Andora, Palmisano, DeCotiis & Harris, attorneys; M. Robert DeCotiis of counsel; Jonathan N. Harris on the briefs).
Antranig Aslanian, Jr., argued the cause for respondents.
PER CURIAM.
Plaintiffs, residents of the Borough of Demarest (borough), sued to enjoin the borough from continuing the use of a fire alarm system which, they charge, constitutes a nuisance. They also sought, among other things, judgment directing the borough "to take immediate steps to inaugurate an alternate system." After a nonjury trial, the trial judge filed his opinion which is reported at 162 N.J. Super. 248 (Law Div. 1978). This was followed by an order directing the entry of judgment in favor of defendant borough "dismissing the complaint of the plaintiff without prejudice and without costs in accordance with filed Opinion." Defendant appeals "from the Judgment and Opinion ..." However, in the "Preliminary Statement" in its brief submitted on the appeal it defines the scope of the review which it seeks. Thus, it explains:
Although the Notice of Appeal appears to be an appeal from the entire judgment and opinion, the appellant seeks only review of those portions of the *30 opinion of the Honorable Kevin M. O'Halloran which determined 1) that there was actual injury to the health or comfort of ordinary people to an unreasonable extent, 2) that the nuisance, if it exists at all, is a private nuisance or it is a public nuisance with a special injury to plaintiffs, and such other factual determinations which the Borough of Demarest considers erroneous under all of the circumstances and which will be delineated in the legal argument below. The Borough of Demarest contends that the ultimate "bottom line" judgment of dismissing the Complaint because of a failure of proof was correct; however, because of the peculiar nature of the judgment, to wit: a dismissal without prejudice, the res judicata effect of the erroneous factual determinations must be corrected on appeal. It is the Borough of Demarest's position that it is the peculiar nature of an emergency signalling device which separates and distinguishes this type of case from virtually all other types of nuisance cases. Not only were the proofs insufficient as a matter of fact to sustain a finding that the plaintiffs had suffered actual injury, but that as a matter of law, the standard should have been greater than that imposed by Judge O'Halloran.
In a subsequent letter memorandum, counsel for the borough states in part:
The Borough of Demarest takes the position that the judgment should have been a dismissal with prejudice an[d] without the accompanying gratuitous remarks in the Opinion that the "plaintiffs should not have to suffer forever."
The defendant-appellant recognizes that it ultimately was the successful party in the Court below. It also is aware that the only issue before the Court on this appeal is whether Judge O'Halloran's determinations which led him to the conclusion that a judgment of dismissal without prejudice would be appropriate, were erroneous. Nevertheless, because of the potential for future prejudice and harm to the Borough of Demarest by the potential for future litigation, it would be unjust to deny the defendant-appellant from relief because it may have been construed as the "successful" party in the Court below.
Counsel suggests that since the borough seeks review of Judge O'Halloran's "without prejudice" determination, it "is an aggrieved party within the meaning of Howard Savings Inst. v. Peep, 34 N.J. 494, 499 (1961)."
We find no merit in counsel's suggestion or in the borough's appeal. In Christiansen v. Christiansen, 46 N.J. Super. 101 (App. Div. 1957), certif. den. 25 N.J. 56 (1957), this court pointed out that:
A dismissal without prejudice is comparable to a nonsuit under the former practice at law. It adjudicates nothing. Another action may be instituted and *31 the same facts urged, either alone or in company with others as the basis of a claim for relief. [At 109]
Beyond this, the trial judge having ruled in its favor, the borough was not an aggrieved party entitled to appeal from the judgment. It had no "personal or pecuniary interest or property right adversely affected by the judgment in question." Howard Savings Inst. v. Peep, supra, 34 N.J. at 499. See, also, Camarco v. Orange, 61 N.J. 463, 467 (1972). The borough "recognizes that it ultimately was the successful party" in the trial court. In essence, it seeks a review "only" of "portions of the opinion" of the trial judge. However, it is well settled that appeals "are taken from judgments and not from opinions." Hughes v. Eisner, 8 N.J. 228, 229 (1951); Glaser v. Downes, 126 N.J. Super. 10, 16 (App.Div. 1973), certif. den. 64 N.J. 513 (1974); Credit Bureau Collection Agency v. Lind, 71 N.J. Super. 326, 328 (App. Div. 1961).
The appeal is dismissed.