91 A.3d 29

JOANNE TRAETTO, PLAINTIFF–APPELLANT, v.
JAMES PALAZZO AND SANDRA PALAZZO,
DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey Appellate Division

Argued May 14, 2014—Decided May 30, 2014.

8

Before Judges FUENTES, SIMONELLI and HAAS.

*Jay B. Bohn* argued the cause for appellant (*Schiller & Pittenger, PC,* attorneys; *Joseph E. Murray,* of counsel and on the brief).

*Mark J. Brancato* argued the cause for respondents (*McHugh & Brancato, LLP,* attorneys; *Mr. Brancato,* on the brief).

The opinion of the court is delivered by

HAAS, J.A.D.

Plaintiff Joanne Traetto appeals from the Chancery Division's July 22, 2013 order granting summary judgment to defendants James and Sandra Palazzo and dismissing plaintiff's complaint that sought to enjoin defendants from permitting their son to play drums in their detached garage. Because we find that material disputed issues of fact existed, we reverse and remand for further proceedings.

Plaintiff is employed by a pharmaceutical company as a computer analyst and she works in her home on a "24 hour per day basis" answering calls from the company's business offices. Defendants live next door. In addition to their home, defendants have a detached two-story garage that is located approximately fifteen feet from plaintiff's house. The garage is separated from defendants' home by a swimming pool. Defendants' son, who was fifteen years old at the time this litigation was commenced, uses the second floor of the garage as a place to practice playing a drum kit, which includes cymbals.

On December 11, 2012, plaintiff filed a verified complaint in which she sought to enjoin defendants' son from playing the drums. Plaintiff alleged "the drum and cymbal playing noises have continued at various lengthy periods at intermittent hours, both day and night, both with the windows open and shut in the [defendants'] garage[.]" Plaintiff further asserted that "[a]s a result of such drum and cymbal playing, [she] has been substantially interrupted in her capacity to competently perform her work duties as well as her attempts to enjoy some personal peace and quiet in her home during daylight and late night hours." Plaintiff also claimed that, due to the "noise, its duration and inconsistent timing, [she] has been previously and currently unable to schedule the performance of her daily work obligations as well as obtain a

routine of nighttime sleep[, which] has resulted in plaintiff being subjected to daily unnecessary stress and anxiety." Defendants filed an answer denying all of the allegations set forth in plaintiff's complaint, and a counterclaim for harassment.

On April 25, 2013, plaintiff filed a motion seeking an order allowing her to inspect defendants' detached garage and to take photographs of the drum kit. Defendants responded by filing a cross-motion for summary judgment seeking a dismissal of plaintiff's complaint. In a certification accompanying the motion, defendant James Palazzo stated that his son "plays [the drums] after school between 4–7 pm and on the weekends in afternoon." He also asserted that he did "not allow [his son] to play the drums in the evening."

With their motion papers, defendants submitted a July 25, 2012 letter from the town's health administrator, which stated that, in response to a noise complaint from plaintiff, the administrator had conducted a "basic noise meter reading" of the son's drum playing. The letter "concluded that the noise from the drum playing does not constitute an enforceable violation" of the town's municipal noise ordinance.

In response to defendants' cross-motion, plaintiff certified that she was being treated by a licensed therapist. According to the therapist's report, plaintiff was "deal[ing] with extreme feelings of stress and anxiety regarding feelings of hopelessness due to [defendants'] lack of response to her complaints about loud drum playing." Plaintiff also submitted a certification from her neighbor, who lives approximately eighty-four feet from defendants' garage. The neighbor certified that defendants' son's drum playing "is unreasonably loud" and is "so incessant and loud that the drums appear to be beaten by a maniac." Plaintiff also submitted a tape recording she made of the drum playing for the court's consideration.

After conducting oral argument, the trial judge granted defendants' motion for summary judgment and dismissed plaintiff's complaint in a written opinion. The judge also dismissed defen-

dants' counterclaim. Although plaintiff had alleged that defendants' son's drum playing occurred "at various lengthy periods at intermittent hours, both day and night" and prevented her from "obtain[ing] a routine of nighttime sleep[,]" the judge found that the son's playing did not continue past 7:00 p.m. The judge stated:

a case may have facts in dispute, but there must be material facts in dispute to avoid decision on summary judgment. *See Rowe v. Mazel Thirty, LLC,* 209 *N.J.* 35, 41 [34 *A.*3d 1248] (2012). Here, the level of noise may be in dispute, but it is not a material fact in dispute. The only facts asserted as to time are that it was by 7:00 p.m. The volume is within municipal ordinance levels. Those facts are not in dispute.

. . . .

. . . [Defendant's son] participates in an activity that would likely offend a plain person if his performances occurred during typical sleeping hours. However, [the son's] drum sessions do not last well into sleeping hours. In contrast, [the son] ceases playing by 7:00 p.m. each night. Hence, this court must consider the nature of [the son's] activity when performed during the day and early evening to determine whether it constitutes an actionable nuisance.

. . . .

. . . [P]ractice of *any* musical instrument is inherently of high utility. As a result, the practice of drums cannot be enjoined simply based upon the noise the drums make. Therefore, defendants' conduct in permitting their son to play the drums can only warrant judicial intervention if [the son] practices under conditions that are unreasonable. As a result, the only material dispute in this case is whether [the son] is permitted to play during unusual hours. With respect to this dispute, plaintiff has failed to carry her burden of raising a genuine issue of material fact. Plaintiff has not offered any evidence suggesting that [the son] has practiced at unusual or unexpected times and, significantly, has not rebutted defendants' claims that [their son] is only permitted to play until around 7:00 p.m. on weekdays.

. . . [B]ecause playing a musical instrument by a resident in his own home at reasonable hours within the limits of the municipal ordinance is an inherently residential noise, its volume is not determinative.

The judge also denied plaintiff's motion for permission to inspect defendants' garage and their son's drum kit and defendants' claim for sanctions and counsel fees. This appeal followed.

On appeal, plaintiff argues the judge erred in granting summary judgment because there were disputed issues of material fact. We agree.

When reviewing an order for summary judgment, we utilize the same standard as the trial court. *Nicholas v. Mynster,* 213 *N.J.*

463, 477–78, 64 *A*.3d 536 (2013). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." *R.* 4:46–2(c). When determining whether there is a genuine issue of material fact, the court must consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." *Brill v. Guardian Life Ins. Co. of Am.*, 142 *N.J.* 520, 540, 666 *A*.2d 146 (1995).

 Noise may constitute an actionable private nuisance. *Rose v. Chaikin*, 187 *N.J.Super.* 210, 217, 453 *A*.2d 1378 (Ch.Div. 1982) (citing *Benton v. Kernan*, 130 *N.J. Eq.* 193, 197–98, 21 *A*.2d 755 (E. & A.1941); *Lieberman v. Twp. of Saddle River*, 37 *N.J.Super.* 62, 67, 116 *A*.2d 809 (App.Div.1955) (other citations omitted)). To prove that a specific source of noise constitutes a nuisance, a plaintiff must show "(1) injury to the health or comfort of ordinary people to an unreasonable extent, and (2) unreasonableness under all the circumstances, particularly after balancing the needs of the maker to the needs of the listeners." *Malhame v. Borough of Demarest*, 162 *N.J.Super.* 248, 261, 392 *A*.2d 652 (Law Div.1978), *appeal dismissed*, 174 *N.J.Super.* 28, 415 *A*.2d 358 (App.Div.1980). Plaintiff bears the burden of proving each element by clear and convincing evidence. *Rose, supra*, 187 *N.J.Super.* at 217, 453 *A*.2d 1378 (citing *Benton, supra*, 130 *N.J. Eq.* at 198, 21 *A*.2d 755; *Lieberman, supra*, 37 *N.J.Super.* at 68, 116 *A*.2d 809).

 With regard to the first element, "[t]he interruption of normal conversation, the drowning out of TV sound, an occasional disturbance during sleeping hours, and like complaints, may all fall within the area of mere annoyance." *Malhame, supra*, 162 *N.J.Super.* at 261, 392 *A*.2d 652. However, occasional noisy disturbances concomitant with residential living can rise to the

level of nuisance if, based on proximity, magnitude, frequency, and time of day, they cause some residents "more than mere annoyance, ... temporary physical pain[,] and more than usual anxiety and fright." *Id.* at 263, 392 *A.*2d 652 (holding a fire siren designed to alert neighborhood firefighters was harmful enough to constitute a nuisance); *accord Terhune v. Trs. of the Methodist Episcopal Church of Matawan,* 87 *N.J. Eq.* 195, 198–99, 100 *A.* 342 (Ch.1917) (holding the hourly striking of church bells until 10:00 p.m. caused sufficient "annoyance, discomfort and injury" to constitute a nuisance).

For the second element, "the needs of the listeners and ... the utility of the [maker's] conduct" must be weighed against "the quantum of harm to plaintiffs." *Malhame, supra,* 162 *N.J.Super.* at 263, 392 *A.*2d 652. In *Terhune,* the court held that church bells did not serve a public need that could outweigh the injury caused to particular residents. *Terhune, supra,* 87 *N.J. Eq.* at 198–99, 100 *A.* 342; *see also Rose, supra,* 187 *N.J.Super.* at 219–20, 453 *A.*2d 1378 (holding a windmill's utility in producing electricity was outweighed by the quantum of harm it created by being noisy). On the other hand, in *Malhame,* the court held that blaring fire sirens were harmful, but an injunction was inappropriate because abating the fire sirens would cause injurious consequences for other residents. *Malhame, supra,* 162 *N.J.Super.* at 266, 392 *A.*2d 652.

A private nuisance may exist even where there is compliance with controlling governmental regulations. *S. Camden Citizens in Action v. N.J. Dep't of Envtl. Prot.,* 254 *F.Supp.*2d 486, 504 (D.N.J.2003) (citing *Rose, supra,* 187 *N.J.Super.* at 217, 453 *A.*2d 1378). Thus, even if noise is otherwise in compliance with an ordinance, "the character, volume, frequency, duration, time, and locality of the noises continue to be relevant factors in determining whether the alleged annoyance ... unreasonably interferes with the ordinary comfort of human existence in the neighborhood." *Ibid.* (quoting *Hyde v. Somerset Air Serv., Inc.,* 1 *N.J.Super.* 346, 349–50, 61 *A.*2d 645 (Ch.Div.1948)).

■ Thus, the "character, volume, frequency, duration, time, and locality of the noises" caused by defendants' son's drum playing were plainly material to the issue of whether a noise nuisance had occurred. It is equally plain that these facts were vigorously disputed by the parties. Plaintiff alleged defendants' son played the drums at "intermittent hours, both day and night," continued playing during "late night hours," and prevented her from "obtain[ing] a routine of nighttime sleep." Plaintiff's neighbor certified the drum playing was "unreasonably loud" and "incessant." On the other hand, defendant James Palazzo asserted his son's playing ended by 7:00 p.m. each night.

■ Without taking any testimony or listening to the tape-recording plaintiff made of the drum playing, the judge resolved this clear factual dispute in defendants' favor. The judge found that defendants' son did not "play during unusual hours[;]" "cease[d] playing by 7:00 p.m. each night[;]" and "practice[d] for limited periods of time each day." However, it was not the court's function on a motion for summary judgment " 'to weigh the evidence and determine the outcome[,] but only to decide if a material dispute of fact exist[s].' " *Parks v. Rogers,* 176 *N.J.* 491, 502, 825 *A.*2d 1128 (2003) (quoting *Gilhooley v. Cnty. of Union,* 164 *N.J.* 533, 545, 753 *A.*2d 1137 (2000)). Moreover, the fact that the town health administrator opined that no violation of the municipal noise ordinance had occurred did not obviate the need for the court to consider "the character, volume, frequency, duration, time, and locality of the noises . . . in determining whether the [drum playing] . . . unreasonably interfere[d] with" plaintiff's "health or comfort." *S. Camden Citizens in Action, supra,* 254 *F.Supp.*2d at 504. Because the material facts were clearly disputed by the parties, summary judgment was not appropriate.

■ We also believe the judge mistakenly exercised his discretion in denying plaintiff's motion to inspect the garage and drum kit. Under *Rule* 4:18–1(a)(2), a party may serve on another party a request "to permit entry upon designated land or other property in the possession or control of the party on whom the request is

served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of [*Rule* ] 4:10–2." Pursuant to *Rule* 4:10–2(a), a party may obtain discovery regarding any matter "relevant to the subject matter involved in the pending action[.]"

Here, the judge denied plaintiff's motion and stated it would be "an unwarranted invasion of private property and really is not a discovery issue." However, the inspection was sought for a detached garage, rather than for defendants' home. According to defendant James Palazzo's certification, the second floor of the garage contained only a couch, a television, and the drum kit. Under these circumstances, we do not agree that defendants raised a valid privacy concern that required the denial of plaintiff's discovery motion.

Moreover, an inspection of the garage and drum kit could clearly lead to the discovery of relevant evidence. The size and configuration of the drum kit would certainly be a relevant factor in determining whether a noise nuisance had occurred. In addition, an inspection would help determine whether the garage contained any sound amplification equipment or whether there were reasonable steps that could be taken to muffle or dampen the drums and soundproof the garage to reduce or eliminate the noise. Therefore, on remand, the judge should afford plaintiff a reasonable opportunity to inspect the drum kit and the area of the detached garage where it is played.

Reversed and remand for proceedings consistent with this opinion. We do not retain jurisdiction.