721 A.2d 307 (1998)
317 N.J. Super. 82
S.N. GOLDEN ESTATES, INC. and Stanley Neuman, Plaintiffs-Respondents,
v.
CONTINENTAL CASUALTY COMPANY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1998.
Decided December 24, 1998.
*308 James M. Adrian, New York City, for defendant-appellant (Ford Marrin Esposito Whitmeyer & Gleser, attorneys; William P. Ford, Joseph N. Froehlich and Mr. Adrian, on the briefs).
Victoria J. Airgood, Pitman, for plaintiff-respondent (Petro Morgos, attorneys; Ms. Airgood, on the brief).
Before Judges HAVEY, SKILLMAN and PAUL G. LEVY.
The opinion of the court was delivered by SKILLMAN, J.A.D.
This case is before us for the second time. On the first appeal, we affirmed an order of the trial court which declared that defendant Continental Casualty Company (Continental) had a duty to defend plaintiffs S.N. Golden Estates, Inc. (Golden), a developer of new homes, and Stanley Neuman, its principal (referred to collectively in this opinion as "Golden"), in an action brought by purchasers *309 of new homes who alleged that Golden had installed defective septic systems on their properties. S.N. Golden Estates v. Continental Cas. Co., 293 N.J.Super. 395, 400-05, 680 A.2d 1114 (App.Div.1996). We also affirmed the part of another order which awarded Golden $66,376.09 for litigation expenses incurred in prosecuting the declaratory judgment action against Continental. Id. at 405-07, 680 A.2d 1114. However, we vacated the part of that order which awarded an additional $267,704.13 for litigation expenses incurred by Golden in defending the underlying action, because the trial court had not made adequate findings as to the reasonableness of the legal services provided or the fees charged by Golden's counsel, and remanded for reconsideration of that award. Id. at 407-09, 680 A.2d 1114. We also noted that the parties had not briefed the issue of whether this was "an appropriate case for the apportionment of defense costs between covered and non-covered claims," id. at 405 n. 1, 680 A.2d 1114, and that the trial court had failed to consider "Continental's argument that counsel fees incurred by Golden in pursuing cross-claims against the codefendants in the underlying action are not subject to reimbursement." Id. at 409, 680 A.2d 1114. In addition, we noted that the trial court had not made any ruling regarding Continental's duty to indemnify Golden for any judgment that might be entered in the underlying action. Id. at 399, 680 A.2d 1114.
After the remand, most of the plaintiffs in the underlying action and Golden entered into a settlement under which Golden agreed to remove the plaintiffs' septic systems and to connect their residences to public sewers at an approximate cost of $800,000.[1] In addition, Golden agreed to pay each plaintiff homeowner $4,000 in satisfaction of their claims for compensatory and punitive damages. However, Golden is continuing to pursue its cross claims and third party claims against the engineer, soil scientist and contractors involved in the design and construction of the septic systems.
On the remand, the trial court refused to allow Continental to conduct any discovery with respect to Golden's counsel fee application. Without making the "specific findings" regarding the reasonableness of the legal services or the fees charged by Golden's counsel required by our prior opinion, id. at 408, 680 A.2d 1114, the court reaffirmed its counsel fee award, except for items totalling $23,457.60 which it found to have been improperly included in the original award. Accordingly, the court entered an order on January 10, 1997, which required Continental to pay Golden $244,245.53 for litigation expenses incurred in defending the underlying action. The court also directed Continental to pay this amount "without unreasonable delay."
Continental filed a notice of appeal from this order. Golden filed a motion to dismiss the appeal on the ground that it was interlocutory. This court denied the motion; our order stated that "[t]o the extent the order appealed from may be technically interlocutory because not certified pursuant to R. 4:42-2, leave to appeal is granted nunc pro tunc."
Subsequently, Golden filed a motion for an order directing Continental to pay $162,379.65 for litigation expenses incurred in connection with this declaratory judgment action and the underlying property damage action during the period from May 1, 1994 to June 30, 1996 (the order that was the subject of our prior opinion and the remand to the trial court only involved litigation expenses incurred through April 30, 1994). The trial court conducted a two day hearing with respect to this motion, after which it issued a letter opinion which awarded Golden an additional $155,254.62. This decision was memorialized by an order entered on July 21, 1997, from which Continental filed a second notice of appeal. We then consolidated the appeals from the January 10, 1997 and July 21, 1997 orders.
We conclude that the January 10, 1997 order and the part of the July 21, 1997 order which awards counsel fees and costs incurred *310 in the underlying action should be vacated, and that those awards should be reconsidered after the trial court has ruled upon Continental's duty to indemnify Golden for the amounts paid to resolve the claims in the underlying action. In addition, although we do not disturb the part of the July 21, 1997 order which awarded additional counsel fees and costs incurred in connection with this declaratory judgment action, we conclude that that award should not be reviewed until a final judgment is entered.
Initially, we note that the procedural route this case has been following is offensive to our strong judicial policy against piecemeal appellate review. Ordinarily, only a final judgment is appealable as of right. R. 2:2-3(a)(1); see Greco v. Zecchino, 285 N.J.Super. 418, 420-21, 667 A.2d 353 (App.Div. 1995). To be final, a judgment must dispose of all claims against all parties. Family First Fed. Sav. Bank v. DeVincentis, 284 N.J.Super. 503, 511, 665 A.2d 1119 (App.Div. 1995). This rule, commonly referred to as the final judgment rule, reflects the view that "[p]iecemeal [appellate] reviews, ordinarily, are [an] anathema to our practice." Frantzen v. Howard, 132 N.J.Super. 226, 227-28, 333 A.2d 289 (App.Div.1975).
An appeal as of right may be taken only from limited categories of interlocutory orders. R. 2:2-3(a)(3). One kind of interlocutory order which is appealable as of right is "an order [which] would be subject to process to enforce a judgment pursuant to R. 4:59 if it were final" where "the trial court certifies that there is no just reason for delay of ... enforcement." R. 4:42-2.[2] However, a trial court's certification of an order as final "is not binding upon us." Delbridge v. Jann Holding Co., 164 N.J.Super. 506, 510, 397 A.2d 356 (App.Div.1978); see Pressler, Current N.J. Court Rules, comment on R. 4:42-2 (1999). Consequently, we may vacate such a certification if an order does not fall within the terms of R. 4:42-2 or if the trial court erred in concluding that "there is no just reason for delay of ... enforcement." See Kurzman v. Appicie, 273 N.J.Super. 189, 641 A.2d 566 (App.Div.1994).
If an order is not appealable as of right under R. 2:2-3(a), an appeal may be taken only by leave of this court, which may be granted "in the interest of justice." R. 2:2-4. In recognition of the fact that "[i]nterlocutory appellate review runs counter to a judicial policy that favors an uninterrupted proceeding at the trial level with a single and complete review[,]" our courts exercise the authority to grant leave to appeal "only sparingly." State v. Reldan, 100 N.J. 187, 205, 495 A.2d 76 (1985) (quoting In re Pennsylvania R.R. Co., 20 N.J. 398, 404, 120 A.2d 94 (1956)); see generally, Robert L. Clifford, Civil Interlocutory Appellate Review in New Jersey, 47 Law & Contemp. Probs. 87, 93-97 (1984).
The order which was the subject of the prior appeal was certified as final by the trial court. We did not question that certification because it appeared that the interests of justice would be served by early appellate review of the court's declaration that Continental was obligated to provide Golden with a defense in the underlying action. While the matter was before us, we also reviewed the awards of counsel fees to Golden.
The trial court did not certify the January 10, 1997, order entered on the remand as final. However, it may have assumed that the prior certification of finality remained in effect. In any event, this court subsequently granted leave to appeal from that order.
Nevertheless, we are convinced upon further reflection that interlocutory appellate review of the counsel fee awards memorialized in the January 10 and July 21, 1997 orders would not be appropriate. Golden is continuing to incur counsel fees in the underlying action. Consequently, it is clear that at least one and perhaps more additional orders awarding counsel fees will be entered. Moreover, there ultimately will be a final judgment which adjudicates Continental's obligation to indemnify Golden for the amounts paid to resolve the claims in the underlying *311 action. It would be wholly antithetical to our firm policy against piecemeal appellate review to entertain appeals from each one of a series of interlocutory orders awarding counsel fees before entry of the final judgment adjudicating all claims for indemnification and counsel fees.
Furthermore, some of the arguments raised in this appeal are directly related to the as yet unresolved issues raised by Golden's claim against Continental for indemnification of the amounts paid to resolve the claims in the underlying action. Thus, Continental argues that "[t]he trial court erred by refusing to apportion defense costs between covered and uncovered claims." The essential premise of this argument is that the plaintiffs' claims in the underlying action which sought to compel Golden to replace or repair their septic systems were not covered by the policy which Continental issued to Golden. In response, Golden asserts that all the claims in the underlying action, including those for remediation of the defective septic systems, were covered by the policy. However, this is the primary issue which the trial court will be required to decide to reach a final judgment as to Continental's duty to indemnify Golden for the amounts paid to resolve the claims in the underlying action. Therefore, it would be premature for us to consider the apportionment issue prior to the trial court's decision relating to the extent of Continental's indemnification obligations.[3]
Continental also argues that the trial court erred in requiring it to reimburse litigation expenses which Golden has incurred in pursuing third party claims. In support of this argument, Continental reasserts its position that Golden's third party claims seek indemnification for payments made to settle claims in the underlying action which were not covered by the policy, and consequently, Continental cannot derive any benefit from the pursuit of those claims. In response, Golden argues that even if Continental ultimately is determined not to have any indemnification obligation for the amounts expended to settle the homeowners' claims, it still could benefit from the pursuit of the third party claims because those claims include litigation expenses incurred in the underlying action which Continental is required to reimburse.
However, if Continental has no obligation, or only a limited obligation, to indemnify Golden for the homeowners' recovery in the underlying action, Golden would be the primary beneficiary of any judgment on the third party claims. In that event, it may be appropriate for Continental and Golden to share pro rata in the litigation expenses incurred in pursuing the third party claims. See Klacik v. Kovacs, 111 N.J.Super. 307, 268 A.2d 305 (App.Div.1970); Amica Mut. Ins. Co. v. Maloney, 120 N.M. 523, 903 P.2d 834, 839-40 (N.M.1995); Allstate Ins. Co. v. Clarke, 364 Pa.Super. 196, 527 A.2d 1021, 1026-27 (Pa.Super.1987); United Pac. Ins. Co. v. Boyd, 34 Wash.App. 372, 661 P.2d 987, 990 (Wash.App.1983); see also Montefusco Excavating & Contracting Co. v. County of Middlesex, 82 N.J. 519, 527-28, 414 A.2d 961 (1980). Therefore, a determination as to Continental's obligation to reimburse Golden for legal expenses incurred in pursuing the third party claims should be deferred until those claims have been adjudicated.
Continental also argues that the trial court failed to make specific findings as to the reasonableness of the legal services provided and the fees charged by Golden's counsel in the defense of the underlying action during the period up to April 30, 1994, and that the court erred in denying Continental's request for discovery with respect to those fees.[4] We agree. The court's oral opinion of December 20, 1996, simply makes broad conclusionary statements regarding the legal services performed by Golden's counsel in the underlying action. Consequently, *312 it does not provide an adequate foundation for appellate review. Accordingly, when the trial court reconsiders Golden's counsel fee application after a final decision regarding its indemnification claims against Continental, it must make specific findings regarding the reasonableness of the legal services performed by Golden's counsel in defending the underlying action. Moreover, in view of the magnitude and complexity of Golden's counsel fee application and of the issues presented in the prior appeal and in this appeal, we conclude that Continental should be afforded an opportunity to conduct discovery in connection with the application. See Shanley & Fisher, P.C. v. Sisselman, 215 N.J.Super. 200, 215-17, 521 A.2d 872 (App. Div.1987). Discovery will ensure that Continental is provided a fair opportunity to respond to the application, and it is also likely to narrow the issues in dispute and thereby conserve judicial resources.
Accordingly, we vacate the January 10, 1997 order and the part of the July 21, 1997 order which awards counsel fees and costs incurred in the underlying action and remand those counsel fee determinations for reconsideration after the trial court rules upon Golden's indemnification claims. In addition, we dismiss as interlocutory the appeal from the part of the July 21, 1997 order which awards counsel fees and costs incurred in this action from May 1, 1994 to June 30, 1996.
NOTES
[1] Golden's brief indicates that the claims of two plaintiffs in the underlying action still have not been resolved.
[2] Other interlocutory orders which Rule 2:2-3(a)(3) designates as final for appeal purposes include an order enrolling a defendant in the pretrial intervention program over the prosecutor's objection, R. 3:28(f), an order appointing a statutory or liquidating receiver, R. 4:53-1, and a final custody determination in a bifurcated matrimonial action, R. 5:8-6.
[3] Our opinion should not be read to express any view as to whether this would be an appropriate case for the apportionment of defense costs in the event the expenses incurred in replacing the homeowners' septic system were found not to be covered by the policy; we only decide that the apportionment issues should be considered after the coverage issues have been finally determined.
[4] Continental does not advance these arguments with respect to the July 21, 1997 counsel fee award for litigation expenses incurred during the period from May 1, 1994 to June 30, 1996.