NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2292-15T4

MARIE SIX,

 Plaintiff-Respondent,

v.

FREDERICK SIX,

 Defendant-Appellant.
_________________________

 Submitted May 23, 2017 — Decided August 1, 2017

 Before Judges Koblitz and Mayer.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Burlington
 County, FM-03-1355-14.

 Law Offices of Robbins and Robbins LLP,
 attorneys for appellant (Aileen Gardner, on
 the brief).

 Michael S. Rothmel, LLC, attorney for
 respondent.

PER CURIAM

 Defendant appeals from the partial denial of his post-

judgment matrimonial motion seeking to recalculate equitable
distribution. The motion court sent the parties to mediate some

of the issues raised in the motion, rendering the January 22, 2016

order interlocutory.1

 Under Rule 2:2-3(a)(1), an appeal as of right
 may be taken to the Appellate Division only
 from a "final judgment." To be a final
 judgment, an order generally must "dispose of
 all claims against all parties." S.N. Golden
 Estates, Inc. v. Cont'l Cas. Co., 317 N.J.
 Super. 82, 87 (App. Div. 1998). "This rule,
 commonly referred to as the final judgment
 rule, reflects the view that 'piecemeal
 [appellate] reviews, ordinarily, are [an]
 anathema to our practice.'" Ibid. (quoting
 Frantzen v. Howard, 132 N.J. Super. 226, 227-
 28 (App. Div. 1975)).

 [Janicky v. Point Bay Fuel, Inc., 396 N.J.
 Super. 545, 549-50 (App. Div. 2007).]

In the interest of justice, however, we grant leave to appeal sua

sponte, Rule 2:4-4, and affirm the motion court's decision to

reform the Marital Settlement Agreement (MSA) with regard to two

issues only, substantially for the reasons expressed by the court.

 The parties divorced in 2015 after 28 years of marriage. The

final judgment of divorce incorporated an MSA negotiated with the

assistance of counsel. The MSA stated that defendant, Frederick

Six, had a "T. Rowe Price account with an agreed upon value of

$1,417,035.98, [a]pproximately $400,000 is pre-marital." The

1
 After our request for a status of the proceeding, we were informed
that mediation was unsuccessful and neither party has sought a
further resolution from the motion court.
 2 A-2292-15T4
agreement states that plaintiff, Marie Six, "shall receive a total

sum of $627,673 from this account and [defendant] shall retain

$789,362.98." The agreement also states that defendant would

retain his Roth IRA account valued at $248,220. The agreement

required the parties to divide their personal property and

household items and that plaintiff would return certain jewelry

to defendant in court. The MSA also stated that defendant would

retain his pre-marital AT&T retirement accounts without

contribution to plaintiff. The equitable distribution breakdown

of the MSA stated that the total value of the parties' assets is

$2,181,192.40, with $1,050,207.50 retained by plaintiff and

$1,130,984.90 retained by defendant.

 Defendant filed a motion to vacate certain portions of the

MSA, asserting that the MSA contained mistakes. Defendant asserted

that the equitable distribution chart in the MSA erroneously

included $400,000 of exempt premarital funds in the T. Rowe Price

account valued at $1,417,035.98. Defendant asserted that the

correct value of the T. Rowe Price account subject to equitable

distribution should have been $1,017,035.98. Defendant also

asserted that his Roth IRA account valued at $248,220 was

mistakenly double-counted because it was listed as a separate

asset from his T. Rowe Price account when in fact it was a part

of the T. Rowe Price account and was already included in its

 3 A-2292-15T4
$1,417,035.98 valuation. Defendant also asserted that his pre-

marital AT&T stock valued at $50,306 was erroneously included in

the equitable distribution chart. Defendant asserted that the

total value of the couples' assets subject to equitable

distribution was $1,482,610.572 and each party was to receive

$741,305.28. Defendant also asserted that plaintiff retained

$120,000 in jewelry and collectibles that were not addressed in

the MSA, thus defendant was entitled to half the value, $60,000.

 The motion court issued an order granting in part and denying

in part defendant's motion. The court wrote:

 The Court finds that a reformation of the
 Marital Settlement Agreement is appropriate as
 equity dictates. Accordingly, the Court
 further finds that the AT&T stock is a
 premarital asset not subject to equitable
 distribution pursuant to paragraph 5 of
 article III. A. of the Marital Settlement
 Agreement. The Court does find that $400,000
 of the T. Rowe Price account is a premarital
 asset; however, this premarital asset has
 already been addressed by the Marital
 Settlement Agreement and is included in the
 proceeds Defendant is to receive from the T.
 Rowe Price Account. Accordingly, the Court
 does not find this amount to be at issue. The
 Court also finds that the Defendant's Roth IRA
 was double counted as it is included in the
 Defendant's T. Rowe Price Account. The entry
 entitled Husband's Roth IRA Account is hereby
 removed from the Six v. Six Equitable
 Distribution breakdown as said account is
 already included in Husband's T. Rowe Price
 Account. With respect to the AT&T stock and

2
 This excludes defendant's pre-marital T. Rowe Price funds, the
AT&T stock and the double-counted Roth IRA.
 4 A-2292-15T4
 the Husband's Roth IRA, these matters are
 hereby sent to Mediation . . . . The purpose
 of the Mediation is to determine what, if any,
 adjustments need to be made to the overall
 distribution of assets.

 The court denied defendant's request for an order requiring

plaintiff to pay him $60,000 for half of the value of the jewelry,

finding that the MSA "specifically and clearly addressed the

distribution of personal property."

 After defendant appealed, the motion court issued a

supplemental opinion to its January 22 order on February 23, 2016.

In its supplemental opinion, the motion court stated:

 [T]he Court finds that the personal property
 was distributed in accordance with the intent
 of the parties and in accordance with the
 parties['] MSA.

 The second issue raised by Defendant relates
 to $400,000 of premarital funds. With respect
 to this issue, the MSA, in relevant part,
 states, "[h]usband has a T. Rowe [P]rice
 account with an agreed value of $1,417,035.98.
 Approximately $400,000 is premarital. As
 such, Wife shall receive a total of $627,673
 from this amount and Husband shall retain
 $789,362.98." Defendant claims that the
 $400,000 premarital asset should have been
 subtracted from the account and then the
 remaining amount, $1,017,035.98, would be
 subject to equitable distribution. The Court
 finds that other than Defendant's self-serving
 statement, there is no other evidence in
 support of his position and the Court will not
 modify the parties' MSA relative to this
 issue. Marital settlements are generally
 upheld absent clear and convincing evidence
 of fraud or other compelling circumstances,
 such as mutual mistake, undue haste, pressure
 5 A-2292-15T4
 or unseemly conduct in settlement
 negotiations.

 . . . .

 Furthermore, because the word "approximately"
 was used in describing the premarital amount
 rather than an exact amount that had to be
 subtracted from the T. Rowe Price account
 prior to equitable distribution, the Court
 concludes that Plaintiff was to receive the
 sum of $627,673 from the account regardless.

 Defendant argues that the motion court erred by denying his

request, pursuant to Rule 4:50-1(a) and (f), to vacate and reform

the MSA because the MSA contained mutual mistakes that result in

plaintiff receiving a substantially higher proportion of the

parties' assets than she was entitled to.

 The motion court accepted two of defendant's claims. First,

the court accepted defendant's argument that the Roth IRA was

double-counted on the equitable distribution chart, thereby

overstating the value of the parties' assets by $248,220.

Secondly, the court accepted defendant's argument that despite the

parties' agreement that defendant's AT&T stock valued at $50,362

was a pre-marital asset, the equitable distribution chart

erroneously added the value of the AT&T stock to the total value

of the parties' assets subject to equitable distribution.

 Defendant argues that the motion court erred, however, in not

accepting that the equitable distribution chart in the MSA

improperly included the full $1,417,035.98 value of the T. Rowe
 6 A-2292-15T4
Price account, incorrectly increasing the total value of the

parties' assets subject to equitable distribution by defendant's

immune $400,000. Defendant contends that in reaching its decision

to deny defendant's application to vacate and reform portions of

the MSA relating to the T. Rowe Price account, the motion court

improperly considered documents from the parties' pre-divorce

mediation, contrary to N.J.R.E. 408.

 Defendant further contends that over $120,000 worth of

jewelry and collectibles that he and plaintiff owned were

mistakenly excluded from the MSA and retained by plaintiff.

Defendant argues that he is entitled to $60,000, a one-half share

of the value of the jewelry and collectibles.

 Plaintiff contends that during pre-divorce mediation, she

sought and defendant agreed to give her an extra $100,000 from his

T. Rowe Price account because defendant received the marital

residence, in which plaintiff had invested $150,000 of her pre-

marital inheritance. Plaintiff asserts that this change was not

a mistake, "but an agreed upon change during the course of

negotiations." Plaintiff contends that the equitable distribution

chart was then executed by both parties, signifying their agreement

with the distribution of the T. Rowe Price account.

 Plaintiff further argues that no mistake was made with regard

to the jewelry and collectibles because the personal property

 7 A-2292-15T4
provision of the MSA distributed the jewelry and all other items

in the marital residence.

 Rule 4:50-1(a) and (f) allow the court to relieve a party

from a final judgment or order for mistake and for "any reason

justifying relief from the operation of the judgment or order."

"The motion to vacate a judgment under either R. 4:50-1(a) or (f)

'should be granted sparingly, and is addressed to the sound

discretion of the trial court, whose determinations will be left

undisturbed unless it results from a clear abuse of discretion.'"

Fineberg v. Fineberg, 309 N.J. Super. 205, 215 (App. Div. 1998)

(quoting Hous. Auth. of Town of Morristown v. Little, 135 N.J.

274, 293-84 (1994)).

 A spousal agreement is viewed with "a predisposition in favor

of its validity and enforceability." Petersen v. Petersen, 85

N.J. 638, 642 (1981). There is no legal or equitable basis to

reform a parties' MSA absent unconscionability, fraud, or

overreaching in the negotiations of the MSA. N.H. v. H.H., 418

N.J. Super. 262, 282 (App. Div. 2011).

 "Designed to balance the interests of finality of judgments

and judiciary efficiency against the interest of equity and

fairness, relief from judgments pursuant to R. 4:50-1(f) requires

proof of exceptional and compelling circumstances." Harrington

v. Harrington, 281 N.J. Super. 39, 48 (App. Div.) (internal

 8 A-2292-15T4
citations omitted), certif. denied, 142 N.J. 455 (1995).

"Ordinarily, to establish the right to such relief, it must be

shown that enforcement of the order or judgment would be unjust,

oppressive or inequitable." Ibid.

 N.J.R.E. 408 states:

 When a claim is disputed as to validity or
 amount, evidence of statements or conduct by
 parties or their attorneys in settlement
 negotiations, with or without a mediator
 present, including offers of compromise or any
 payment in settlement of a related claim,
 shall not be admissible to prove liability
 for, or invalidity of, or amount of the
 disputed claim. Such evidence shall not be
 excluded when offered for another purpose
 . . . .

 The court did not use the evidence of prior proposed

settlements to prove liability or amount of a disputed claim, but

rather to rebut the allegation of a mutual mistake. The record

did not support a mutual mistake with regard to the jewelry and

collectibles or the T. Rowe Price account. Defendant was

represented by counsel during mediation and when the MSA and

equitable distribution charts were executed by both parties. Both

defendant and plaintiff endorsed each page of the MSA. At the

divorce hearing, defendant gave sworn testify that he agreed to

and understood the terms of the MSA and that he intended to be

bound by the MSA. Defendant also testified that the MSA embodied

the entire agreement between the parties.

 9 A-2292-15T4
 The motion court did not abuse its discretion in its ruling,

nor did it violate N.J.R.E. 408 when it reviewed documents from

the settlement.

 Affirmed.

 10 A-2292-15T4