**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2611-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

U.S. CURRENCY SIX THOUSAND
FORTY-EIGHT DOLLARS ($6048),

    Defendant.

_____

Submitted October 31, 2019 – Decided January 23, 2020

Before Judges Nugent and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. DC-000863-02.

John Thomas Pritchett, appellant pro se.

Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent (Dana R. Anton, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This is a forfeiture action. In July 2016, appellant, John T. Pritchett, filed a replevin motion seeking return of $6048 that had been seized from him fourteen years earlier and forfeited to the State. Police seized the money on January 4, 2002, during the course of arresting appellant for possessing marijuana and stealing a car. During an unopposed forfeiture proceeding, a judge entered an April 15, 2002 judgment of forfeiture order that forfeited the $6048 to the State. Appellant claimed in his replevin motion that when arrested in 2002, he possessed the cash to purchase a car. He also claimed he had not been served with the forfeiture complaint because he was incarcerated during the forfeiture proceedings.

According to the court's Automatic Case Management System, Service Maintenance Database, appellant was served with the complaint on February 21, 2002. He was served at the address he gave the police when he was arrested. Separately, on March 11, 2002, a summons mailed to appellant informed him that a default judgment would be entered if he did not respond to the complaint by April 3, 2002.

The motion record included documents showing appellant was released from jail on January 29, 2002 and not incarcerated again until March 18, 2002.

2

Defendant was again released on March 19, 2002, at which time he provided the same address as his residence.

The trial court denied appellant's replevin motion. Significantly, the court denied the motion without prejudice. The court explained:

> Now, what he really doesn't say is what knowledge he had of the complaint and whether somebody else had been served at the property. We do have the return mail of the certified [complaint] which was served on the defendant, [at the address he had given when arrested]. There's no -- no regular mail in the file.
>
> But he -- while he indicates that he did not go back to [that address], he doesn't say where he went and what his new address was. And he doesn't indicate whether he had anybody at [the address he gave when arrested] that would have received the regular mail since it would have come to his notice. Service has to be on the place of abode. And [the address he gave] at that point in time was his place of abode.
>
> He doesn't really explain . . . why he's waited from [2002] through 2017 to make this application for -- to vacate the judgment, or to find out about the status of the money. That's the biggest concern or problem.
>
> . . . .
>
> And while it may well be there's an explanation for that 15 years, he hasn't provided it . . . .
>
> [L]ack of service can by itself be sufficient to allow for vacating a judgment entered against the defendant, [but]. . . [the address he gave when arrested] . . . was the address that he had. That was his last known place

of abode. He doesn't provide us with anything that relates to where else he could be . . . . He doesn't provide anything to indicate once he was released from jail, what efforts he took to try to find out about the criminal proceedings and find out about the status of his money.

So I am going to deny the application but without prejudice. He can re-file, but provide more detail to explain why the -- we had that 15 years go by without any effort on his part to -- to seek redress as it relates to this money . . . .

Appellant did not refile the motion with the additional explanations required by the court. Rather, he filed this appeal.

Under Rule 2:2-3(a)(1), an appeal as of right may be taken to the Appellate Division only from a final judgment. To be final, a judgment must generally "dispose of all claims against all parties." S.N. Golden Estates, Inc. v. Cont'l Cas. Co., 317 N.J. Super. 82, 87 (App. Div. 1998). "This rule, commonly referred to as the final judgment rule, reflects the view that '[p]iecemeal [appellate] reviews, ordinarily, are [an] anathema to our practice.'" Ibid. (alterations in original) (quoting Frantzen v. Howard, 132 N.J. Super. 226, 227-28 (App. Div. 1975)). If an order is not a final judgment, a party must be granted leave to appeal by the Appellate Division. Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 550 (App. Div. 2007). An appeal as of right may only

4

be taken from a limited category of interlocutory orders, none of which apply in this case. R. 2:2-3(a)(3).

"A dismissal without prejudice is comparable to a nonsuit . . . . It adjudicates nothing. Another action may be instituted and the same facts urged, either alone or in company with others as the basis of a claim for relief." Malhame v. Demarest, 174 N.J. Super. 28, 30-31 (App. Div. 1980) (quoting Christiansen v. Christiansen, 46 N.J. Super. 101, 109 (App. Div. 1957)).

Because appellant did not comply with the trial court's directive, and because his motion was dismissed without prejudice, the trial court's order was not final, and appellant's appeal must be dismissed.

The State argues that the judgment should stand because appellant did not demonstrate excusable neglect that would permit a court to vacate a judgment under Rule 4:50-1. The State further contends the judgment should stand because appellant does not have a meritorious claim.

The State did not file a cross-appeal. The issues it raises appear to be those the trial court anticipated hearing on an adequate record once appellant refiled the motion. However, as we have noted, appellant never refiled the motion. Consequently, the appeal must be dismissed.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2611-17T4