**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0042-20

LEWIS LEVINE,

    Plaintiff-Appellant,

v.

KELLY TRIPALDI,

    Defendant-Respondent.

_____

> Submitted April 28, 2021 – Decided June 8, 2021
>
> Before Judges Whipple and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0046-19.
>
> Gina A. Calogero, attorney for appellant.
>
> Respondent has not filed a brief.

PER CURIAM

    Plaintiff appeals from an August 7, 2020 order partially denying his post-judgment motion to enforce a final judgment and settlement without prejudice.

However, leave to appeal was neither sought nor obtained. Accordingly, we dismiss the appeal.

Defendant was plaintiff's live-in nanny for two years in their Hillsborough and Manasquan homes until September 2015. During that time, she brought a pit bull puppy, Stewie, into the home with plaintiff's permission. Plaintiff, his children, and defendant took turns caring for Stewie. Defendant was fostering Stewie and trying to find a permanent home for him. However, when plaintiff learned of this, he and his brother informed defendant that they would keep Stewie permanently. The parties jointly participated in training Stewie, and in all aspects of his daily care, but plaintiff assumed most of the financial responsibility for the dog.

Defendant stopped living with plaintiff and his family in September 2015. According to plaintiff, between 2015 to 2018, he continued to assist defendant financially until an argument in December 2018 at plaintiff's house, when she left and took Stewie with her. Plaintiff filed an emergent order to show cause to have the dog returned, but interim relief was denied. Following mediation, a handwritten agreement was signed and placed on the record, with the judge questioning each party as to their understanding of same and the voluntariness of their assent. The court entered an order of disposition in the case in August

2

2019, dismissing the case as settled, which was amended that September to include the agreement.

Regarding the dog, the agreement provides for joint ownership of Stewie with his town registration, tags, and microchip in both names. Both parties are entitled to equal access to veterinarian records, and mutual consent is required for major health issues, except for emergencies. Major veterinary care was to be split between both parties. Plaintiff agreed to pay for routine veterinary care such as vaccinations; flea, tick, and heartworm treatments; wellness checkups; and food.

Plaintiff and defendant also agreed to equal visitation rights, exchanging the dog every Sunday plus additional visitation when a party is on vacation. They also agreed to use a facilitator, who would be a neutral third-party to communicate regarding his schedule; health and behavioral issues; and handle all transportation for Stewie between the parties. The agreement further provided Stewie would remain in New Jersey, and if defendant moved further than twenty miles away from plaintiff, then she would have to pick up and deliver Stewie to the facilitator.

The parties continued to have heated disputes while sharing ownership of Stewie. So, they revised the original agreement, entering into a consent order

A-0042-20

for Shared Possession of Companion Animal on December 18, 2019. Both parties were represented by counsel. This consent order included having pick-ups and drop-offs of Stewie at the Montgomery Police Department, third-party facilitators being implemented, provisions regarding emergency veterinary visits, and other conditions. Paragraph thirteen states:

> In the event one party materially breaches the terms and conditions of this order without good cause or excuse, the other party shall be entitled to sole possession of Stewie, and the breaching party shall forfeit all legal or equitable interest in Stewie. The other party shall be entitled to damages for the breach and counsel fees and costs for enforcing this order. This is a negotiated term of settlement and supersedes all case law and statutory law regarding enforcement of orders of the court. Nothing in this provision shall prevent the court from initiating its own contempt of court proceedings against the defendant pursuant to Rule 1:10-2, in addition to the remedies available to the plaintiff.

Plaintiff filed an order to show cause on April 13, 2020, to enforce the agreement and impose the sanction of forfeiture. The court awarded plaintiff double make-up visitation time from May 16 to June 28, 2020, by order dated May 19, 2020. Plaintiff filed a fourth certification and order to show cause on July 9, 2020. On July 14, 2020, the court ordered defendant to "immediately" return the dog to plaintiff. Later that day, plaintiff filed an application for a writ asking the sheriff to seize the dog which was denied on July 16, 2020. The court

4

signed an order dated August 7, 2020, giving plaintiff three days for every day missed. He also ordered the sheriff to assist with service. Notably, paragraphs five and six of the order state:

> 5. The relief granted herein shall take effect immediately but is entered without prejudice, and may be revised in the court's discretion (a) upon good cause, demonstrated by [d]efendant upon filing written opposition to this [o]rder and serving a copy of same on plaintiff's counsel by email, or (b) upon good cause in the event of [d]efendant's failure to comply with the terms of this [o]rder, as demonstrated by written application of the [p]laintiff.

> 6. If the defendant refuses to turn over the dog in accordance with this order, this court may consider additional remedies above and beyond the relief granted in this order, including but not limited to an order directing the Somerset County [s]heriff to search the defendant's premises, an order transferring sole possession and ownership of the dog Stewie to the plaintiff in accordance [paragraph thirteen] of the December 18, 2019 order, summary proceedings for contempt of court pursuant to Rule 1:10-2 by order to show cause instituted by the court and/or an order for defendant's arrest at the court's discretion.

This appeal followed.

On appeal, plaintiff argues the August 7, 2020 order exceeded the trial court's authority because it failed to impose the sanction of forfeiture for a material breach mandated by the December 18, 2020 consent order. We need not reach this argument because plaintiff has not appealed from a final order.

5

Only final judgments may be appealed as of right.  R. 2:2-3(a).  In general, to be considered a final judgment, an order or judgment must dispose of all claims against all parties.  "To have the finality required to create appellate jurisdiction, an order must not only completely dispose of all pleaded claims as to all parties, but all its dispositions must also be final."  Grow Co., Inc. v. Choksi, 403 N.J. Super. 443, 460 (App. Div. 2008) (citing Lawler v. Isaac, 249 N.J. Super. 11, 17 (App. Div. 1991)).  If devoid of the required finality, an order is interlocutory and appellate review is available only by leave granted under Rules 2:2-4 and 2:5-6(a).

Moreover, interlocutory review is "limited to those exceptional cases warranting appellate intervention, [and] the sole discretion to permit an interlocutory appeal has been lodged with the appellate courts."  Choksi, 403 N.J. Super. at 458 (citing Brundage v. Estate of Carambio, 195 N.J. 575, 599-600 (2008)).  "Interlocutory review is 'highly discretionary' and is to be 'exercised only sparingly' . . . because of the strong policy 'that favors an uninterrupted proceeding at the trial level with a single and complete review . . . .'"  Id. at 451 (first quoting State v. Reldan, 100 N.J. 187, 205 (1985); and then quoting S.N. Golden Estates, Inc. v. Continental Cas. Co., 317 N.J. Super. 82, 88 (App. Div. 1998)).

6

Here, the August 7, 2020 order was not a final judgment. Moreover, the court expressly crafted an order designed to permit both parties to return to court to either expand the remedy to forfeiture of the dog or to consider good cause shown by defendant. The order effectively reserves decision on forfeiture of the dog for further proceedings, and we discern no abuse of the court's discretion in doing so. Plaintiff did not seek, nor did we grant, leave to appeal the order.

Dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0042-20