**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3908-21

MATTHEW MACFARLANE,

    Plaintiff-Appellant,

v.

SOCIETY HILL AT UNIVERSITY
HEIGHTS CONDOMINIUM
ASSOCIATION II, INC.,

    Defendant-Respondent.

_____

> Submitted November 8, 2023 – Decided December 14, 2023
>
> Before Judges Haas and Gooden Brown.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1125-22.
>
> Matthew MacFarlane, appellant pro se.
>
> Kaufman Dolowich, LLP, attorneys for respondent (David J. Gittines, Christian M. Scheuerman, and Jonathan R. Stuckel, on the briefs).

PER CURIAM

Self-represented plaintiff, Matthew MacFarlane, appeals from a July 5, 2022, Law Division order dismissing with prejudice his complaint against defendant Society Hill at University Heights Condominium Association II, Inc. (Association).  Upon discovering that the dismissal order was entered in error, the trial judge vacated the order on January 30, 2023, and reinstated the complaint.  Accordingly, we dismiss the appeal as moot.

By way of background, plaintiff is a unit owner at Society Hill at University Heights condominium complex in Newark and a member of the Association. The Association's October 20, 2020, annual board election resulted in the filing of plaintiff's first complaint against the Association.  In the complaint, plaintiff sought to void the election, alleging that the Association's redaction of his biography submitted in support of his candidacy for election to the Board constituted an unlawful act.  After the trial judge denied plaintiff's request for injunctive relief, granted defendant's motion to compel alternative dispute resolution (ADR), and dismissed plaintiff's complaint without prejudice to allow the parties to complete ADR, plaintiff appealed.  We affirmed in an unpublished decision, discerning no abuse of discretion in the judge's denial of injunctive relief and determining that the parties were required to complete ADR

2

pursuant to N.J.S.A. 46:8B-14(k). MacFarlane v. Soc'y Hill at University Heights Condo. Ass'n II, No. A-2792-20 (App. Div. July 6, 2022).

On February 16, 2022, plaintiff filed a second complaint and order to show cause against the Association, which is the subject of this appeal. In the second complaint, plaintiff alleged the Association failed to abide by its governing documents by not holding open meetings since the October 20, 2020, election, by entering into contracts on behalf of the Association without authorization, and by providing plaintiff with incomplete meeting minutes and financial records in response to his repeated requests. In the order to show cause, plaintiff sought an order directing "the production of minutes and financial records," "[v]oiding all contracts entered after October 20, 2020," and requiring the Association "to hold an annual election."

The Association moved to dismiss the complaint and order to show cause on the ground that the relief sought was the same relief sought in the first complaint, which was then pending appeal. On May 6, 2022, the judge conducted oral argument on defendant's motion and rendered an oral opinion denying the Association's motion to dismiss the complaint. The judge explained that the prior lawsuit sought "to void the results of the October 20, 2020, election" but the present lawsuit seeks to "void[] all contracts entered after [the]

3

October 20[], 2020 [election]" and seeks "the production of the minutes and the financial records." Thus, the judge concluded "this lawsuit is different than the prior lawsuit." Turning to the order to show cause, the judge ordered the Association to turn over to plaintiff all contracts and financial records since October 2020 so that the "case can proceed in the normal course." The judge denied all other relief requested by plaintiff and entered an order on May 9, 2022, memorializing his oral decision.

On July 5, 2022, the judge mistakenly entered an order dismissing with prejudice plaintiff's complaint and order to show cause. Upon discovering the error, on January 30, 2023, the judge entered an order vacating the July 5, 2022, order[1] "because it was entered in error," and restoring the case to the active calendar. On August 18, 2022, prior to the entry of the January 30, 2023, order, plaintiff filed a notice of appeal challenging the July 5, 2022, dismissal order. On appeal, plaintiff argues the judge dismissed the case with prejudice "without oral or written explanation" in "direct contradiction with Rule 1:7-4(a)." Plaintiff also seeks the amendment of the May 9, 2022, order, to require the

---

[1] The order mistakenly refers to the July 5, 2022, order as the July 7, 2022, order, a misnomer adopted by the parties.

A-3908-21

Association "to provide minutes for all open meetings held after September 2018."

However, with the reinstatement of plaintiff's complaint, the issue raised on appeal is now moot. "Courts normally will not decide issues when a controversy no longer exists, and the disputed issues have become moot." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010). "A case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." Ibid. (quoting DeVesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring)). Stated differently, "an issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (internal quotation marks omitted).

What's more, because the July 5, 2022, dismissal order was vacated, there is no final order subject to appellate review. Therefore, plaintiff's appeal of the May 9, 2022, order is interlocutory in nature. "[O]ur judicial system recognizes that, with very few exceptions, only an order that finally adjudicates all issues as to all parties is a final order and that an interlocutory appeal is permitted only by leave of our appellate courts." Grow Co. v. Chokshi, 403 N.J. Super. 443,

5

457-58 (App. Div. 2008) (footnote omitted) (citing R. 2:2-3). "Interlocutory review is 'highly discretionary' and is to be 'exercised only sparingly,' because of the strong policy 'that favors an uninterrupted proceeding at the trial level with a single and complete review.'" Id. at 461 (citations omitted) (first quoting State v. Reldan, 100 N.J. 187, 205 (1985); and then quoting S.N. Golden Ests., Inc. v. Cont'l Cas. Co., 317 N.J. Super. 82, 88 (App. Div. 1998)). This case is not the type of exceptional case that warrants interlocutory review.

Appeal Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3908-21