# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1178-22

R.B.,

    Plaintiff-Appellant,

v.

FRANKLIN TOWNSHIP
HOUSING AUTHORITY,

    Defendant-Respondent.

_____

          Submitted January 23, 2024 – Decided February 22, 2024

          Before Judges Mayer and Enright.

          On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0913-22.

          R.B., appellant pro se.

          Manfredi & Pellechio, attorneys for respondent (Jennifer Leigh Barnes, of counsel and on the brief).

PER CURIAM

Plaintiff R.B.[1] appeals from a December 1, 2022 order denying her motion to reconsider an October 21, 2022 order dismissing without prejudice her complaint against defendant Franklin Township Housing Authority (FTHA).[2] Given that plaintiff neither sought nor obtained leave to appeal from the December 1 order—nor the underlying October 21, 2022 order—and the December 1 order is interlocutory in nature, we are constrained to dismiss the appeal.

I.

We briefly summarize the salient facts from the motion record. The FTHA, a public housing agency, provides affordable housing to low-income families and administers a United States Department of Housing and Urban Development Voucher Program. Under the Voucher Program, participants apply for housing approved by the FTHA. Once approved, participants qualify to have a portion of their rent subsidized by the federal government.

---

[1] Because the record is sealed, we use plaintiff's initials. R. 1:38-11.

[2] Only the December 1 order is listed in plaintiff's Notice of Appeal and Civil Case Information Statement. However, the October 21 order also dismissed plaintiff's complaint without prejudice. Thus, we reference both orders in this opinion.

A-1178-22

Plaintiff previously participated in a Section 8 Housing Choice Voucher Program. In December 2021, she sought to move from Virginia to New Jersey for personal and medical reasons. Accordingly, she submitted a "port out request form" to the Prince William County Office of Housing and Community Development in Virginia, to relocate to New Jersey. Thereafter, plaintiff was assigned a portability officer in Somerset County.

In January 2022, plaintiff was approved for a housing choice voucher of $1,851 per month. Therefore, as a Voucher Program participant, she was obliged to find a rental unit costing less than $1,851 per month. An FTHA staff member, Andrea Eato-White, informed plaintiff that her voucher expired on March 14, 2022, but extensions could be granted.

Eato-White subsequently received an email from the leasing director of a rental property in Franklin Township, informing Eato-White that plaintiff reserved a unit costing $1,955 per month. The email also stated plaintiff was eligible for a rental discount because her daughter was a full-time student. Even with the discount, however, the monthly rent exceeded plaintiff's voucher amount. Therefore, the FTHA denied approval for the rental unit.

On February 9, 2022, plaintiff emailed Eato-White, complaining about the denial. In her email, plaintiff stated she was "not . . . provide[d] with the

necessary resources, nor time to locate an apartment within Franklin Township and [her] time [wa]s . . . wasted." Plaintiff further claimed it was "very hard to understand [the FTHA's] port-in procedures" and she was "forced to cancel [her] portability to [Somerset C]ounty." Additionally, she asked the FTHA to "withdraw [her] voucher transfer."

In August 2022, plaintiff filed a complaint against the FTHA. In her three-sentence complaint, plaintiff alleged: (1) she "was forced to resign from [her] New Jersey based job[,] losing [her] source of income"; (2) she "was also forced to withdraw [her] apartment rental after paying the application fee and security deposit"; and (3) she "was recovering from a previous . . . condition" and "losing everything caused [her] to sink further into depression and hopelessness." The following month, plaintiff filed a motion for a protective order. Defendant moved to dismiss the complaint.

On October 21, 2022, Judge Robert A. Ballard, Jr. heard argument on the parties' motions. At the conclusion of the hearing, the judge granted plaintiff's motion for a protective order, finding she asked for this relief "to protect . . . the privacy of [her] mental health" and he saw no "reason not to do that." The judge also granted defendant's motion to dismiss plaintiff's complaint, finding plaintiff's complaint "state[d] conclusions without providing any specifics with

4

regard to a cause of action that[ was cognizable] in this state." However, the judge clarified that the dismissal was "without prejudice," so plaintiff would "have the opportunity . . . to file an amended complaint that ha[d] the necessary specificity to put . . . defendant on notice as to [her] cause of action." Further, the judge explained that "if [plaintiff] want[ed] the case to be resurrected," she would need to "file an amended complaint with specificity." The judge signed a conforming order that day.

Rather than file an amended complaint, plaintiff filed a motion to reconsider the October 21, 2022 order. Judge Ballard heard argument on the motion on November 28, 2022. At the outset of the hearing, he confirmed plaintiff's case remained under seal. Next, the judge noted that in seeking reconsideration, plaintiff filed additional documents with the court, including her medical records. Following argument, the judge reserved decision. On December 1, 2022, he entered an order denying plaintiff's reconsideration motion, and again dismissed plaintiff's complaint without prejudice.

In his accompanying written opinion, Judge Ballard found "[p]laintiff did not meet the standard to satisfy a [m]otion for [r]econsideration" because she failed to "state[] matters or controlling decisions . . . which the court overlooked or . . . [in] which it ha[d] erred." Judge Ballard also concluded "[p]laintiff . . .

5

only relitigated prior factual assertions and [did] not offer[] any reason . . . why the court erred in its [October 21, 2022] decision" granting defendant's motion to dismiss her complaint without prejudice. Further, the judge found she "d[id] not offer any new facts . . . that were not considered by the court prior," but instead, "re[-]argu[ed] her prior motion."

## II.

On appeal, plaintiff raises the following arguments for our consideration:[3] (1) "[a]fter inquiring about HUD policies, procedures, after being denied rental assistance, the [H]ousing [A]uthority retaliated against and failed to let [her] exercise [her] rights"; (2) Judge Ballard "established that . . . [d]efendant's [c]ounsel was put on notice of some retaliatory claim, but it was unclear in the initial claim"; (3) "[t]he [trial c]ourt was not provided with legal proposition[s], any cases cited and arguments being made other than a lot of emails back and forth[,]" and "[t]hese items were later provided in [plaintiff's] motion for reconsideration"; (4) "[t]he [FTHA] failed to let [plaintiff] exercise [her] due process rights after [she] ask[ed] to speak with a supervisor to initiate administrative oversight"; (5) "[t]he actions of the [FTHA] violated multiple

---

[3] We recite plaintiff's arguments verbatim, except where indicated, from the "Legal Argument and Points" section of her brief.

statu[t]es and HUD policies"; (6) the "H[UD] declare[d] that they d[id] not have jurisdiction over [plaintiff's] claims . . . and recommend[ed] [that plaintiff] get[] an attorney"; (7) "[m]utliple agencies stated that they had no jurisdiction over [plaintiff's] claims"; and (8) "[p]ro[]se litigants should be held to a less strict legal standard."

In another section of her brief entitled, "Conclusion," plaintiff separately argues she "was denied [d]ue process on many occasions, and . . . [her] Fourteenth Amendment rights were violated by the [FTHA]."[4] Additionally, she contends she "suffered with loss of employment, emotional and mental distress, and embarrassment amongst other things." Finally, she asserts she "attempted to present" her arguments before the trial court as a self-represented litigant "but was unclear on the court[']s procedures for filing motion[s] and amendments, and stating claims." None of plaintiff's arguments are persuasive.

"A dismissal without prejudice is comparable to a nonsuit . . . . It adjudicates nothing. Another action may be instituted and the same facts urged,

---

[4] "An appellate court . . . may refrain from considering cursory arguments raised at the end of a brief that are not properly submitted under proper point headings." Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 2:6-2(a)(6) (2024) (citing Solar Energy Indus. v. Christie, 418 N.J. Super. 499, 508 (App. Div. 2011)). Here, we considered plaintiff's contentions even though some of them were not set forth in separate point headings.

either alone or in company with others as the basis of a claim for relief." Malhame v. Borough of Demarest, 174 N.J. Super. 28, 30-31 (App. Div. 1980) (quoting Christiansen v. Christiansen, 46 N.J. Super. 101, 109 (App. Div. 1957)).

Rule 2:2-3(a)(1) permits an appeal as of right to the Appellate Division only from a final judgment. "To be a final judgment, an order generally must 'dispose of all claims against all parties.'" Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 549 (App. Div. 2007) (quoting S.N. Golden Ests., Inc. v. Cont'l Cas. Co., 317 N.J. Super. 82, 87 (App. Div. 1998)); see also Grow Co. v. Chokshi, 403 N.J. Super. 443, 460 (App. Div. 2008) (explaining a "dismissal without prejudice of unadjudicated claims that have not been concluded in fact but are left to be resurrected in a new suit" does not constitute a final judgment allowing appellate review as of right).

Therefore, absent the required finality, an order is interlocutory and appellate review is only available by leave granted under Rules 2:2-4 and 2:5-6(a), unless the order falls within the limited class of interlocutory orders that may be appealed as of right. See R. 2:2-3(b). "Interlocutory review is 'highly discretionary' and is to be 'exercised only sparingly,' because of the strong policy 'that favors an uninterrupted proceeding at the trial level with a single and

complete review.'" Grow, 403 N.J. Super. at 461 (first quoting State v. Reldan, 100 N.J. 187, 205 (1985) and then quoting S.N. Golden Ests., Inc., 317 N.J. Super. at 88).

A motion to reconsider an interlocutory order is governed by a more liberal standard than the standard for reconsideration of final orders under Rule 4:49-2. Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021). Reconsideration of interlocutory orders does not "require[] a showing that the challenged order was the result of a 'palpably incorrect or irrational,' analysis or of the judge's failure to 'consider' or 'appreciate' competent and probative evidence." Id. at 134 (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). "Until entry of final judgment, only 'sound discretion' and the 'interest of justice' guides the trial court, as Rule 4:42-2 expressly states." Ibid.

A trial court's decision to deny a motion for reconsideration will be upheld on appeal unless the motion court's decision was an abuse of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted).

A-1178-22

Finally, it is well settled that a self-represented litigant is not relieved from the obligation to comply with the court rules. Venner v. Allstate, 306 N.J. Super. 106, 110 (App. Div. 1997). In fact, self-represented litigants are bound by the same laws and rules of court as parties represented by counsel. See Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 99 (App. Div. 2014).

Governed by these standards, we have no basis to disturb the December 1, 2022 order. That order, like the October 21, 2022 order, dismissed plaintiff's complaint without prejudice, and thus, is not final. Additionally, neither of Judge Ballard's orders is an interlocutory order from which an appeal of right may be taken under Rule 2:2-3(b). Accordingly, because plaintiff did not seek or obtain leave to appeal, and given Judge Ballard crafted both of his orders to allow plaintiff to return to court to pursue any legitimate claims she may have against defendant, after the judge indulgently reviewed her complaint and found it failed to set forth a cognizable claim, we dismiss plaintiff's appeal.

To the extent we have not addressed plaintiff's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-1178-22