**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2298-24

BOHDAN SENYSZYN,

    Plaintiff-Appellant,

v.

DAVID L. HOOK and
JOSEPH P. FITENI,

    Defendants-Respondents.

_____

Submitted January 8, 2026 – Decided February 11, 2026

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0492-24.

Bohdan Senyszyn, self-represented appellant.

Respondents have not filed a brief.

PER CURIAM

    In this one-sided appeal, plaintiff Bohdan Senyszyn appeals from the trial court's January 9, 2025 order granting defendant David L. Hook's motion to

dismiss plaintiff's complaint. Because the order granting the motion to dismiss was entered without prejudice, we dismiss the appeal without prejudice and remand for further proceedings consistent with this opinion.

This matter stems from a dispute between the parties dating back to 2004, relating to two parcels of land. We recounted the relevant facts in a companion case involving plaintiff's lawsuit against, among others, defendant's wife and son, and we summarize them here briefly. See Senyszyn v. Hook, No. A-1200-24 (App. Div. Feb. 11, 2026).

Defendant sued plaintiff in 2004, accusing him of embezzling funds from defendant (2004 Litigation). As a part of a settlement agreement in 2006 (2006 Settlement Agreement), the parties created the "Farmland Parcel" and the "Brecia Farms Subdivision." The 2006 Settlement Agreement provided defendant title to the Brecia Farms Subdivision to allow him to develop the property free and clear of plaintiff's claims, liens, and encumbrances. The parties also agreed to maintain the status quo of the Farmland Parcel pending the conclusion of the litigation.

In September 2010, the parties entered into a consent order (2010 Consent Order), wherein the 2004 Litigation was dismissed and the parties agreed to resolve all remaining issues through binding, non-appealable arbitration. After

2

a lengthy delay, defendant moved to compel arbitration pursuant to the 2010 Consent Order and enforce compliance with the 2006 Settlement Agreement. The court granted the motion to compel arbitration in November 2017 and determined "the terms and conditions of the . . . 2006 Settlement Agreement and 2010 Consent Order remain valid, binding[,] and enforceable upon the parties."

The court-appointed arbitrator issued decisions in June and August 2020, directing the Farmland Parcel to be conveyed to defendant free and clear of any interest of plaintiff.[1]  Defendant moved to confirm the arbitration award and enter final judgment.  In November 2021, the trial court granted the motion and ordered the Farmland Parcel to be transferred to defendant as the sole owner, free and clear of all rights, encumbrances, and liens.  It further ordered plaintiff to cease all interference with the development and sale of the Brecia Farms Subdivision.

In October 2024, plaintiff filed a complaint in which he alleged defendant made defamatory statements by accusing plaintiff of embezzling funds from defendant.  He contended defendant was aware the embezzlement claims were

---

[1]  The arbitrator noted plaintiff was convicted in federal court for matters involved in the "ongoing saga" between the parties.  Moreover, with respect to defendant's embezzlement allegations against plaintiff, the arbitrator determined plaintiff "clearly scammed" him.

false and were communicated to certain third parties. Plaintiff claimed these statements were made over the "past twelve months." He also asserted an abuse of process claim against defendant.

Defendant moved to dismiss. The trial court determined plaintiff failed to provide sufficient facts and evidence to support his defamation claims. It noted plaintiff alleged defendant made defamatory statements to certain individuals but failed to provide the court "with any specific dates, facts, or evidence to support his allegations." Accordingly, the court dismissed plaintiff's defamation action. However, it did not specifically address plaintiff's abuse of process claim. Notably, the court dismissed plaintiff's complaint without prejudice.

Plaintiff subsequently filed a motion for reconsideration, which the trial court denied. Although plaintiff does not appeal from that order, we note the court determined plaintiff's abuse of process claims "do not provide sufficient factual support to establish a claim for abuse of process."

On appeal, plaintiff argues defendant's motion was filed out of time pursuant to Rule 4:6-1(b) because the complaint was filed on October 29, 2024, and the motion was not filed until December 4, 2024—one day late. He next asserts the court erred by not addressing the abuse of process allegation.

4

Plaintiff also argues it erred by dismissing the defamation count because he had identified the defamatory statements, the timeframe in which they were made, and the third parties to whom defendant made the statements. He further contends defendant's application should have been filed as a summary judgment motion.

We ordinarily only consider appeals from final orders of a trial court and other orders expressly designated as final for purposes of appeal. R. 2:2-3(a)(1), (b). "To be a final judgment, an order generally must 'dispose of all claims against all parties.'" Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 549-50 (App. Div. 2007) (quoting S.N. Golden Ests., Inc. v. Cont'l Cas. Co., 317 N.J. Super. 82, 87 (App. Div. 1998)). This final judgment rule "reflects the view that 'piecemeal [appellate] reviews, ordinarily, are [an] anathema to our practice.'" Id. at 550 (alterations in original) (quoting S.N. Golden Ests., 317 N.J. Super. at 87).

If an order is not final, or among those orders expressly designated as final for purposes of appeal, a party must seek leave to appeal from the Appellate Division. R. 2:5-6(a). A grant of leave to appeal from an interlocutory order is left to the discretion of this court, and that discretion is exercised sparingly and

5

"in the interest of justice."  R. 2:2-3(c); see also R. 2:2-4; State v. Reldan, 100 N.J. 187, 205 (1985); Janicky, 396 N.J. Super. at 550.

Guided by these principles, we conclude this appeal should be dismissed. Plaintiff never sought leave to appeal.  By dismissing plaintiff's complaint without prejudice, the trial court contemplated he would be permitted to file an amended complaint.[2]  Therefore, this appeal is interlocutory.  We leave it to the trial court's sound discretion to conduct a management conference with the self-represented parties and to set a timeframe for plaintiff to file an amended complaint.

Dismissed without prejudice.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

---

[2]  We also decline to address the court's rulings regarding the abuse of process claim it addressed in the reconsideration motion, as that order is also not properly before us.  This is because "we review 'only the judgment or orders designated in the notice of appeal.'"  Kornbleuth v. Westover, 241 N.J. 289, 299-300 (2020) (quoting 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004)).

A-2298-24